IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Beverly Ahnert, Individually and as Executrix of the Estate of Daniel Ahnert, Deceased, | )<br>)<br>) |
| Plaintiff, | ) Case No. 2:13-cv-1456 |
| v. | ) |
| | ) Judge Charles N. Clevert, Jr. |
| Brand Insulation, Inc., et al., | ) |
| Defendants. | ) |

**OWENS-ILLINOIS, INC.'S
COMBINED MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND SUPPORTING MEMORANDUM OF LAW**

Owens-Illinois, Inc. ("Owens-Illinois") submits this Motion to Dismiss and Supporting Memorandum of Law pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.

### INTRODUCTION

Under Wisconsin law, Plaintiff's current lawsuit is barred by the doctrine of claim preclusion because her claim could have been litigated in her prior federal action. Daniel Ahnert was allegedly diagnosed with asbestosis from exposure to asbestos. 2010 Compl. (Ex. A) ¶ 27. He filed a personal injury action against Owens-Illinois in the Eastern District of Wisconsin on February 25, 2010, based on his claimed asbestos exposure and diagnosis. *Id.* ("Prior Federal Court Claim"). This action was ultimately transferred to the Eastern District of Pennsylvania for consolidated pretrial proceedings in MDL 875 under 28 U.S.C. § 1407.

Mr. Ahnert was then diagnosed allegedly with a type of cancer, called mesothelioma, on January 4, 2011. 2013 Compl. (Ex. B) ¶ 23. In Wisconsin state court, he filed a second lawsuit on January 10, 2011, based on his alleged asbestos exposure and mesothelioma diagnosis. 2011 Compl. (Ex. C) ¶¶ 25-28 ("The State Court Claim"). Although Mr. Ahnert died on July 7, 2011, *see* 2013 Compl. (Ex. B) ¶ 2, Beverly Ahnert continued to litigate the State Court Claim based on her husband's death from mesothelioma until December 20, 2011, when she voluntarily dismissed the case.

After her husband's death, Mrs. Ahnert was also substituted as the plaintiff in the Prior Federal Court Claim on September 21, 2012, and the Complaint was amended on its face to show the substitution. Order (Ex. D) ¶¶ 1-2. Plaintiff never amended the Complaint to allege Mr. Ahnert's diagnosis with mesothelioma. The parties continued to litigate the Prior Federal Court Claim until the Eastern District of Pennsylvania dismissed Owens-Illinois *with prejudice* pursuant to a stipulation to dismiss and Owens-Illinois, Inc.'s pending motion for summary judgment. Order (Ex. E) at 1-2. The Prior Federal Court is still active today and continues as to other defendants.

On December 30, 2013, Mrs. Ahnert filed this third lawsuit in the Eastern District of Wisconsin. Her wrongful death complaint alleges that "Decedent suffered from asbestos related diseases, including without limitation malignant mesothelioma diagnosed on January 4, 2011 and non-malignant asbestos conditions including without limitation asbestosis." 2013 Compl. (Ex. C) ¶ 23. Because Mrs. Ahnert could have litigated this claim in her Prior

Federal Court Claim, the doctrine of claim preclusion bars this action and it should be dismissed with prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under the federal notice pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

When considering a motion to dismiss, a court generally may not consider matters outside of the pleadings. *Brownmark Films, LLC v. Comedy Partners,* 800 F. Supp. 2d 991, 998 (E.D. Wis. 2011) *aff'd,* 682 F.3d 687 (7th Cir. 2012). However, a court may consider matters in the public record of which it can take judicial notice, including judgments in other courts. *Jones v. Int'l Ass'n of Bridge Structural Ornamental & Reinforcing Iron Workers*, 864 F. Supp. 2d 760, 773 (E.D. Wis. 2012).

## **ARGUMENT**

Wisconsin claim preclusion bars this current claim because it could have been litigated in her Prior Federal Court Claim. Generally, in determining claim preclusion from a judgment of a federal court sitting in diversity, the law of the state in which the federal court sits governs. *Semtek Int'l Inc.* v. *Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). However, when a case is transferred under 28 U.S.C. § 1407, the transferee court applies the substantive state law of the jurisdiction in which the action was originally filed. *De George v. Am. Airlines, Inc.,* 338 F. App'x 15, 16 (2d Cir. 2009). Thus, Wisconsin law controls.

Under Wisconsin law, claim preclusion bars a future claim if there was a prior final judgment on the merits involving a claim that was or *could have been* litigated between the same parties or their privies. *Menard, Inc. v. Liteway Lighting Prods.,* 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 596, 698 N.W.2d 738, 745. The order dismissing Owens-Illinois with prejudice in the Prior Federal Court Claim meets these elements and prevents Mrs. Ahnert from relitigating her claim in the Eastern District of Wisconsin.

First, these claims involve the same parties; Beverly Ahnert, the plaintiff in this action, was also the plaintiff in the Prior Federal Court Claim after it was amended in September of 2012. Second, the order dismissing Owens-Illinois with prejudice entered by the Eastern District of Pennsylvania operates as a final judgment on the merits. *See Great Lakes Trucking Co., Inc. v. Black*, 165 Wis. 2d 162, 169, 477 N.W.2d 65, 67 (Ct. App. 1991) (acknowledging claim preclusive effect of court approved stipulation of settlement); *Manu-Tronics, Inc. v. Effective Mgmt. Sys.*, Inc., 163 Wis. 2d 304, 315 n.7, 471 N.W.2d 263, 268 (Ct. App. 1991) (stipulation for dismissal with prejudice operated as final judgment on the merits for purposes of claim preclusion).

Finally, Mrs. Ahnert's current wrongful death claim could have been litigated in the prior lawsuit. Wisconsin law applies a transactional approach to claim preclusion and considers any claim arising out of a common nucleus of operative facts as one that could have been litigated with the prior action. *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 26, 279 Wis. 2d 520, 534, 694 N.W.2d 879, 886. This action arises from the same exposure to asbestos-containing products that the Prior Federal Claim alleged. 2010 Compl. (Ex. A) ¶¶ 25-30; 2013 Compl. (Ex. B) ¶¶ 21-25. In fact, the allegations of exposure in the two lawsuits are nearly identical. *Id.* Her new action simply alleges an additional injury suffered as a result of the same alleged tortious conduct, which does not create a new cause of action for the purposes of claim preclusion. *See Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 234, 601 N.W.2d 627, 637 (1999) ("Ordinarily, a subsequent injury resulting from a tortfeasor's conduct

does not give rise to a new cause of action for the purposes of claim preclusion.").

The exception to this rule, established by the Wisconsin Supreme Court in *Sopha*, does not save Mrs. Ahnert's claim. *Sopha* recognized that a plaintiff may have two separate claims for non-malignant and malignant diseases when it cannot be reasonably predicted that the malignant disease will result. *Id.* at 230. In *Sopha,* the plaintiff was first diagnosed with an asbestos-related pleural thickening disease and filed a lawsuit based on this injury. *Id.* at 218. Ten years after the plaintiff's original lawsuit was dismissed, the plaintiff was diagnosed with mesothelioma and filed a second lawsuit. *Id.* Given these facts, the *Sopha* Court carved out what it called a "narrow exception" to the typical claim preclusion doctrine, when the malignant disease could not be reasonably predicted. *Id.* at 238.

The facts of this case do not justify any exception created in *Sopha.* Here, unlike the plaintiff in *Sopha* who was not diagnosed with mesothelioma until ten years after the judgment in his first lawsuit, Mrs. Ahnert could have predicted her husband's mesothelioma during her original claim — the diagnosis occurred during the pendency of the Prior Federal Court Claim. Mrs. Ahnert unquestionably became aware of the injury in time to litigate the claim. She knew of her husband's diagnosis with mesothelioma and subsequent death well before the stipulation for dismissal in the Prior Federal Court Claim. She could have amended her complaint in 2011, 2012, or 2013 to allege these facts; indeed, she amended the complaint after her husband's death to

substitute herself as the plaintiff in the action. Because Mrs. Ahnert had all the information necessary to assert a claim for her husband's mesothelioma injury before the judgment on the merits, this claim could have and should have been litigated in the prior lawsuit.

Furthermore, Mrs. Ahnert's conduct is exactly the type that the doctrine of claim preclusion aims to discourage. She has now filed a total of three lawsuits based on the same asbestos exposure and injuries. These multiple suits are exactly what the doctrine of claim preclusion is designed to prevent. *See N. States Power Co. v. Bugher,* 189 Wis. 2d 541, 559, 525 N.W.2d 723, 731 (1995) ("[T]he doctrine of claim preclusion provides an effective and useful means to 'relieve parties of the cost and vexation of multiple lawsuits.'"). Plaintiff should not be allowed a *third* bite at the apple after years of litigation; therefore, claim preclusion bars her lawsuit.

## **CONCLUSION**

**WHEREFORE**, Defendant Owens-Illinois, Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: February 20, 2014          Respectfully submitted,


                                        By: /s/Brian O. Watson
                                              Edward Casmere
                                              Joshua D. Lee
                                              Brian O. Watson
                                              Schiff Hardin LLP
                                              233 S. Wacker Dr. Suite 6600
                                              Chicago, Illinois 60606
                                              (312) 258-5500
                                              (312) 258-5600 (facsimile)

                                              *Attorneys for Defendant*
                                              *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 20, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1182
CH2\14243123.3