# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Daniel Ahnert and Beverly Ahnert,

Plaintiffs,

v.

CBS Corporation, a corporation;
Cleaver Brooks, Inc., a corporation;
Employers Insurance Company of Wausau, a corporation;
Foster Wheeler, Inc., a corporation;
Garlock Sealing Technologies, LLC, a corporation;
General Electric Company, a corporation;
Ingersoll Rand Company, a corporation;
Metropolitan Life Insurance Company, a corporation;
Milwaukee Insulation Company Inc., a corporation;
Owens-Illinois, Inc., a corporation;
Rapid American Corporation; a corporation;
Sprinkmann Sons Corporation., a corporation;
Trane U.S. Inc., a corporation;
Wisconsin Electric Power Company, a corporation;
Pabst Brewing Company, a corporation;
Miller Brewing Company, a corporation;
Commonwealth Edison Company, a corporation; and
Ladish Co., Inc., a corporation,

Case No.

Defendants.

## COMPLAINT

Now come the plaintiffs, Daniel Ahnert, and Beverly Ahnert (hereinafter "Plaintiffs"), by and through their attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complain of defendants, CBS Corporation, a corporation; Cleaver Brooks, Inc., a corporation; Employers Insurance Company of Wausau, a corporation; Foster Wheeler Corporation, a corporation; Garlock Sealing Technologies, LLC, a corporation; General Electric Company, a corporation; Ingersoll Rand Company, a corporation; Metropolitan Life Insurance Company, a corporation; Milwaukee Insulation Company Inc., a corporation; Owens-Illinois, Inc., a corporation; Rapid American Corporation; a corporation; Sprinkmann Sons Corporation., a corporation; Trane U.S., Inc., a corporation; Wisconsin Electric Power Company, a corporation; Pabst Brewing Company, a corporation; Miller Brewing Company, a corporation; Commonwealth Edison Company, a corporation; and Ladish Co., Inc., a corporation, as follows:

## JURISDICTION AND PARTIES

1. Plaintiffs Daniel Ahnert and Beverly Ahnert reside in and are citizens of White Settlement, Texas.

2. Plaintiffs are lawfully married. Unless otherwise stated herein, plaintiff in the singular refers to Daniel Ahnert, and plaintiffs in the plural refers to Daniel Ahnert and Beverly Ahnert.

3. The defendants at all times relevant to the allegations contained herein were engaged in substantial and not isolated activities within the state of Wisconsin which included one or more of the following: designing, manufacturing, selling, erecting, installing, or removing asbestos-containing products or asbestos insulated equipment (collectively asbestos products).

4. CBS is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generation equipment including without limitation turbines, and erected and maintained steam generation equipment.

5. Cleaver Brooks, Inc. has its principal place of business in Milwaukee, Wisconsin. Cleaver Brooks is a manufacturer and seller of commercial boilers, which were asbestos insulated, and a seller of asbestos products.

6. Employers Insurance Company of Wausau is one of the insurers to Sprinkmann Sons Corporation, and is named pursuant to Wis.Stats. §803.04(2)(a) as it has an interest in the outcome adverse to the plaintiff.

7. Garlock Sealing Technologies LLC manufactured, sold, and/or designed asbestos-containing products, including without limitation gaskets and packing.

8. General Electric Company manufactured and designed steam generation equipment including without limitation turbines, and erected and maintained steam generation equipment.

9. Ingersoll Rand Company manufactured, distributed, sold, and/or designed asbestos products, including, without limitation, pumps, valves, compressors, and other equipment.

10. Metropolitan Life conspired to suppress information about the health hazards of asbestos.

11. Milwaukee Insulation has its principal place of business in Milwaukee and is an installer and seller

of asbestos products including without limitation pipe covering, cement, boards, and blocks

12.      Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos containing products, including without limitation pipe covering, block, cement, board, and air cell and supplied asbestos fibers.

13.      Sprinkmann Sons Corporation has its principal place of business in Milwaukee. Sprinkmann is an installer, manufacturer, and seller of asbestos products including without limitation pipe covering, cement, boards, and blocks.

14.      Trane US Inc is responsible for the conduct of American Standard Inc. The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes. Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

15.      Wisconsin Electric Power Company has its principal place of business in Milwaukee, and is the owner or operator of premises where asbestos products were used.

16.      Foster Wheeler, Inc., manufactured and sold asbestos-containing products.

17.      Owens-Illinois, Inc. is a seller of asbestos products and was involved in a civil conspiracy.

18.      Defendant Pabst Brewing Company is a premise defendant.

19.      Defendant Miller Brewing Company is a premise defendant.

20.      Defendant Commonwealth Edison Company is a premise defendant.

21.      Defendant Ladish Co., Inc. is a premise defendant.

22.      The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Texas, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, selling, and installing or removing asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit "A" for the state of incorporation and

principal place of business of each defendant.

23. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

24. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

## GENERAL ALLEGATIONS

25. Plaintiff Daniel Ahnert from approximately 1957 to 1980, was exposed to and inhaled airborne asbestos fibers released while using or working in proximity to others using or removing such products.

26. During the period of his exposures, plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

27. Plaintiff was diagnosed with asbestosis within three years of the date of this complaint.

28. This asbestos disease and injury began before April of 1994.

29. Asbestos is an incurable condition caused by exposure to asbestos which is severely restricting plaintiffs' breathing.

30. All exposures to asbestos that plaintiff received contributed to the disease.

31. Plaintiff Daniel Ahnert suffered great pain, physical impairment, great mental pain and anguish, and is liable for large sums of money for medical and hospital care.

32. Plaintiff Beverly Ahnert has been cohabiting with her husband and is deprived of the normal services, companionship, society, and relationship as a result of her husband's injury.

## FIRST CAUSE OF ACTION - PRODUCTS LIABILITY - NEGLIGENCE

33. Plaintiffs bring this claim for negligence and restate and reallege the allegations in paragraphs 1-32 above.

34. This claim is brought against the following defendants (collectively the "product defendants") for designing, manufacturing, selling, erecting, installing, or removing asbestos products or fibers to

which plaintiff may have been exposed:

   a.   CBS Corporation

   b.   Cleaver Brooks, Inc.

   c.   Employers Insurance Company of Wausau

   d.   Foster Wheeler Inc.

   e.   Garlock Sealing Technologies

   f.   General Electric Company

   g.   Ingersoll Rand Company

   h.   Metropolitan Life Insurance Company

   i.   Milwaukee Insulation Company Inc.

   j.   Owens-Illinois Inc.

   k.   Rapid American Corporation

   l.   Sprinkmann Sons Corporation

   m.   Trane U.S. Inc.

35.   It was reasonably foreseeable that plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

36.   Defendants had a duty to exercise reasonable care for the safety of plaintiff and others who worked with or were exposed to the defendants' asbestos products.

37.   Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

38.   Plaintiff did not know that asbestos products or asbestos were so dangerous or harmful at the time of his exposures.

39.   Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

   a.   Failed to adequately warn plaintiff or others of the health hazards of asbestos;

    b.      Failed to investigate or test for the health effects of asbestos;

    c.      Failed to instruct plaintiff, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

    d.      Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    e.      Failed to warn plaintiff or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

    f.      Used unsafe techniques, methods, or processes in the installation or removal of asbestos containing products.

40.    As a direct and proximate result of the acts and omissions of the product defendants, plaintiff was injured as described above.

## SECOND CAUSE OF ACTION – PRODUCT LIABILITY
## (UNREASONABLY DANGEROUS PRODUCT)

41.    This claim is asserted against the product defendants as set forth in the negligence allegations above.

42.    Plaintiff restates and realleges the allegations set forth in paragraphs 1-32 above.

43.    Defendants are in the business of selling asbestos products.

44.    Defendants placed their asbestos products into the stream of commerce with the expectation that they would reach plaintiff and other users and consumers without substantial change in the condition they were in when they left the possession or control of defendants.

45.    Plaintiff removed, installed, and handled, or was otherwise exposed to, the defendants' asbestos products in the conditions in which they left the possession or control of such defendants.

46.    Defendants' asbestos products were defective and unreasonably dangerous at the time they left the possession or control of defendants in one or more of the following ways:

    a.      Failed to adequately warn plaintiff or others of the health hazards of asbestos;

    b.      Failed to investigate or test for the health effects of asbestos;

c.  Failed to instruct plaintiff, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

d.  Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

e.  Failed to warn plaintiff or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

f.  Failed to specify proper techniques, methods or processes in the installation or removal of asbestos containing products.

47.  As a direct and proximate result of the acts and omissions of the product defendants, plaintiff was injured as described above.

### THIRD CAUSE OF ACTION - PREMISE LIABILITY

48.  Plaintiffs reassert and realleges the above general allegations 1-32 above.

49.  This claim for negligence is brought against the defendants below as the owners of the premises where plaintiff was exposed to asbestos.

a.  Wisconsin Electric Power Company,

b.  Pabst Brewing Company,

c.  Miller Brewing Company,

d.  Commonwealth Edison Company, and

e.  Ladish Co., Inc.

50.  Defendant was the owner of the premise during the dates and times of plaintiff's exposures to asbestos indicated on Exhibit "B."

51.  The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises in exhibit B.

52.  When plaintiff worked at the premises, defendant knew or should have known about the health hazards of asbestos.

53.  Defendant in the exercise of ordinary care knew or should have known that the condition of its

property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors, such as plaintiff, working at the premises.

54. Defendant knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

55. As the owner of the premises, defendant owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including plaintiff.

56. Defendant breached its duty of care and was negligent by one or more of the following acts or omissions:

    a.    failing to adequately warn plaintiff of the dangers of harm from exposure to asbestos;

    b.    failing to instruct plaintiff adequately about safety precautions for exposure to asbestos;

    c.    failing to establish adequate safety measures to protect plaintiff from exposure to asbestos;

    d.    failing to adequately test for asbestos where plaintiff worked;

    e.    employing any contractor which failed to take reasonable precautions against the danger of asbestos;

    f.    allowing the use of asbestos containing products at the premises;

    g.    failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

57. As a direct and proximate result of defendant's negligence, plaintiff suffered injuries as described above.

## FOURTH CAUSE OF ACTION – DECLARATORY JUDGMENT

58. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

59. Retroactive application of the 1995 legislation purporting to apply to the new versions of

§§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of plaintiff in this matter.

60. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards,</u> 192 Wis. 2d 156, (Docket #91-0016, 1995).

## FIFTH CAUSE OF ACTION - CIVIL CONSPIRACY

61. Plaintiff brings this cause of action for civil conspiracy against defendants Metropolitan Life Insurance Company and Owens-Illinois.

62. Plaintiff restates and realleges the allegations set forth in paragraphs 1-24 above.

63. Defendant Met Life and Owens-Illinois and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

    b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

64. One of more of the conspirators performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos, or failed to instruct about precautionary measures required for protection.

65. As a direct and proximate result of the acts of the conspiracy, plaintiff was injured as described above.

## PUNITIVE DAMAGES

66.     Defendants acted maliciously, with intentional disregard for the rights of plaintiff for which

plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

67.     Plaintiffs pray for relief as follows:

a.      Judgment against defendants, jointly and severally, for compensatory and general damages;

b.      Punitive damages;

c.      Costs and disbursements of this action; and

d.      Such further legal and equitable relief as the Court orders.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated:  February 23, 2010

Respectfully submitted,

   S/ Michael P. Cascino
Attorney for plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600

## Exhibit A

### Defendants' Home States and Principal Places of Business

| | | |
|---|---|---|
| CBS Corporation | Delaware | Pennsylvania |
| Cleaver Brooks, Inc. | Delaware | Wisconsin |
| Employers Insurance Co. | Delaware | Wisconsin |
| Garlock Sealing Technologies | Delaware | New York |
| General Electric | New York | Connecticut |
| Metropolitan Life Ins | Delaware | New York |
| Milwaukee Insulation Co. | Wisconsin | Wisconsin |
| Rapid American | Delaware | New York |
| Sprinkmann Sons | Wisconsin | Wisconsin |
| Trane U.S. | Delaware | New Jersey |
| Foster Wheeler | Pennsylvania | New York |
| Ingersoll-Rand | New Jersey | New Jersey |
| Owens-Illinois | Delaware | Ohio |
| Wisconsin Electric Power | Wisconsin | Wisconsin |
| Pabst Brewing | Wisconsin | Wisconsin |
| Miller Brewing | Florida | Wisconsin |
| Commonwealth Edison | Illinois | Illinois |
| Ladish Co. | Wisconsin | Wisconsin |

**Exhibit B**

Ahnert, Daniel

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Port Washington | Port Washington | WI | 1965 | 1990 |
| South Shore Power House | Milwaukee | WI | 1965 | 1990 |
| Byron Nuclear Power Plant | Byron | IL | 1980's | |
| Miller Brewery | Milwaukee | WI | 1955 | 1975 |
| Pabst Brewery | Milwaukee | WI | 1955 | 1975 |
| Schlitz Brewery | Milwaukee | WI | 1955 | 1975 |
| Ladish | Cudahy | WI | 1972 | |
| Lakeside Power House | Milwaukee | WI | 1965 | Unknown |
| Oak Creek Power Station | Oak Creek | WI | 1965 | 1991 |
| Various homes, schools and hospitals | Milwaukee area | WI | 1955 | 1965 |
| WEPCO | Oak Creek, Port Washington, Lakeside | WI | 1955 | 1990 |

| | |
|---|---|
| CBS | Oak Creek: asbestos turbines and electrical asbestos parts |
| Cleaver Brooks | schools and hospitals: asbestos boilers |
| Foster Wheeler | Oak Creek: asbestos boiler |
| General Electric | Oak Creek: asbestos turbine generators and electrical parts |
| Garlock | Oak Creek: asbestos gaskets |
| Ingersoll Rand | Schools and hospitals: asbestos boilers |
| Milwaukee Insulation | Oak Creek, Port Washington: asbestos pipe insulation |
| Owens Illinois | Miller, Pabst, Schlitz: asbestos Kaylo |
| Rapid American | Wepco Oak Creek, Lakeside, Port Washington, Miller, Schlitz, Pabst: Carey asbestos pipecovering: |
| Sprinkmann | seller, installer, removal of asbestos |

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

|  |  |
|---|---|
| Beverly Ahnert, individually and as Executrix of the Estate of Daniel Ahnert, Deceased, | Case No. 2:13-cv-1456 |
| Plaintiffs, | |
| v. | |
| Brand Insulations Inc., *a corporation*; Building Services Industrial Supply Inc., *a corp.*; CBS Corporation, *a corporation*; Employers Insurance Company of Wausau, *a corporation;* Foster Wheeler LLC., *a corporation*; General Electric Company, *a corporation*; L&S Insulation Co. Inc., *a corporation,*; Merco-Thermotec Inc., *a corporation*; Metropolitan Life Insurance Company, *a corporation*; Owens-Illinois, Inc., *a corporation*; Pabst Brewing Company, *a corporation*; Sprinkmann Sons Corporation, *a corporation*; Wisconsin Electric Power Company, *a corporation*, | |
| Defendants. | |

## Complaint

Plaintiff Beverly Ahnert, individually and as Executrix of the Estate of Daniel Ahnert (hereinafter "Decedent"), complains against defendants Brand Insulations Inc., Building Services Industrial Supply Inc., CBS Corp., Employers Insurance Company of Wausau, Foster Wheeler, Inc., General Electric, L&S Insulation Co. Inc., Merco-Thermatec Inc., Metropolitan Life Insurance Company, Owens-Illinois, Inc., Pabst Brewing Company, Sprinkmann Sons Corporation, and Wisconsin Electric Power Company, as follows:

### JURISDICTION AND PARTIES

1.      Plaintiff, the widow of decedent, is an adult citizen residing in White Settlement, TX.

2.  Decedent passed away on July 7, 2011, and plaintiff is the duly appointed executrix of his estate.

3.  Decedent, prior to his death, was an adult citizen residing in White Settlement, TX.

4.  Defendant Brand Insulations distributed, designed, installed, or sold removed asbestos containing materials.

5.  Defendant Building Services Industrial Supply, Inc., manufactured, distributed, designed, installed, or sold asbestos products including without limitation pipe covering, cement, boards, and blocks. BSIS is responsible for the conduct of Building Service Industrial Sales Company.

6.  Defendant CBS is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse designed, manufactured, sold, and erected asbestos containing steam generation equipment, including without limitation turbine systems. Westinghouse maintained asbestos containing steam generation equipment and associated piping systems.

7.  Defendant Employers Insurance Company of Wausau is one of the insurers to Sprinkmann Sons Corporation, and is named pursuant to Wis.Stats. §803.04(2)(a) as it has an interest in the outcome adverse to the plaintiff.

8.  Defendant Foster Wheeler LLC is responsible for the conduct of Foster Wheeler Energy Corporation. Foster Wheeler Corporation & Foster Wheeler Energy Corporation designed, manufactured and/or sold steam generation equipment, including without limitation boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

9.  Defendant General Electric designed, manufactured, sold, and erected asbestos containing steam generation equipment, including without limitation turbine systems. General Electric

maintained asbestos containing steam generation equipment and associated piping systems.

10. Defendant L&S Insulation has its principal place of business in Milwaukee and is an installer and seller of asbestos products including without limitation pipe covering, cement, boards, blocks, and sealants.

11. Defendant Merco-Thermotec Inc. removed asbestos containing materials.

12. Defendant Metropolitan Life conspired to suppress information about the health hazards of asbestos.

13. Defendant Owens-Illinois Inc. manufactured, sold, and designed asbestos products, including without limitation fireproof door cores, pipe insulation, and block insulation, and was involved in a civil conspiracy.

14. Defendant Pabst Brewing Company is the owner or operator, or is responsible for the conduct of a previous owner or operator of premises where asbestos products were used, including without limitation:

      a) Pabst Brewery, Milwaukee, WI

15. Defendant Sprinkmann Sons Corporation sold, installed, and removed asbestos products including without limitation pipe covering, cement, boards, blocks, asbestos fibers, and turbine blankets, and a manufactured of asbestos containing products including without limitation cement, blankets, and block.

16. Defendant Wisconsin Electric Power Company is the owner or operator, or is responsible for the conduct of a previous owner or operator of premises where asbestos products were used, including without limtation:

      a) Lakeside Power House, Milwaukee, WI

      b) Oak Creek Power Station, Oak Creek, WI

c) Port Washington Power Station, Power Washington, WI

17.   Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Texas.  Exhibit A lists the state of incorporation and principal place of business of each defendant.

18.   Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code §1332.

19.   The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

20.   Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

21.   Decedent, from approximately 1955 to 1980, was exposed to and inhaled airborne asbestos fibers released while using or working in proximity to others using or removing such products.

22.   During the period of his exposures, decedent was ignorant of the nature of the risks incurred by workers working with or near said materials.

23.   Decedent suffered from asbestos related diseases, including without limitation malignant mesothelioma diagnosed on January 4, 2011 and non malignant asbestos conditions including without limitation asbestosis.

24.   The asbestos disease process and injury began before April, 1994.

25.   All exposures to asbestos that decedent received contributed to and caused the decedent's asbestos related conditions.

26.   As a result of the asbestos related diseases, decedent died on July 7, 2011.

27.   Decedent suffered great pain, physical impairment, great mental pain and anguish, and is liable for large sums of money for medical and hospital care.  Further, as a result of

decedent's death, funeral, cemetery, and related expenses and costs have been incurred.

28. At all times, plaintiff Beverly Ahnert was the wife of decedent and was cohabitating with him and was enjoying his services, companionship, society and relationship.

29. As a result of decedent's disease and his resulting death, his next of kin have suffered and will suffer in the future pecuniary losses and have suffered and will suffer in the future a loss of society and companionship with decedent.

30. As a direct and proximate result of the one or more of the wrongful acts or omissions of the defendants, plaintiff

   a. has been deprived of decedent's services, companionship, society, and relationship from the time of his injury;

   b. has been hindered and prevented from transacting and attending to her usual business and personal affairs.

31. Plaintiff brings this claim as a wrongful death action pursuant to Wis. Stat. § 895.04 and as a survival action pursuant to Wisconsin law.

## COUNT I - PRODUCTS LIABILITY - NEGLIGENCE

32. Plaintiff brings this claim for negligence and restates and realleges the allegations in paragraphs 1 - 31 above.

33. Plaintiff brings this claim against the following defendants (collectively the "product defendants") for designing, manufacturing, selling, erecting, installing, or removing asbestos products or fibers to which decedent may have been exposed:

   a. Brand Insulations Inc.;

   b. Building Services Industrial Supply, Inc.;

   c. CBS Corporation;

   d. Employers Insurance Company of Wausau;

      e.       Foster Wheeler, Inc.;

      f.       General Electric Company;

      g.       L&S Insulation Co. Inc.;

      h.       Merco-Thermotec Inc.;

      i.       Metropolitan Life Insurance Company;;

      j.       Owens-Illinois, Inc.; &

      k.       Sprinkmann Sons Corporation.

34.    It was reasonably foreseeable that decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

35.    Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

36.    Decedent did not know that asbestos products or asbestos were so dangerous or harmful at the time of his exposures.

37.    Defendants had a duty to exercise reasonable care for the safety of decedent and others who worked with or were exposed to the defendants' asbestos products.

38.    Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

      a.       Failed to adequately warn decedent or others of the health hazards of asbestos;

      b.       Failed to investigate or test for the health effects of asbestos;

      c.       Failed to instruct decedent, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

      d.       Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

      e.       Failed to warn decedent or others of the danger of the airborne asbestos fibers

released after the products or equipment were installed at the premises;

f.   Used unsafe techniques, methods, or processes in the installation or removal of asbestos containing products.

39.   As a direct and proximate result of the acts and omissions of the product defendants above, decedent and plaintiff were injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

40.   Plaintiff brings this claim for strict product liability and restates and realleges the allegations in paragraphs 1 - 39 above.

41.   This claim is asserted against the product defendants as set forth in the first cause of action allegations above.

42.   Defendants are in the business of selling asbestos products.

43.   Defendants placed their asbestos products into the stream of commerce with the expectation that they would reach decedent and other users and consumers without substantial change in the condition they were in when they left the possession or control of defendants.

44.   Decedent, or persons working in his proximity,  removed, installed, and handled, or was otherwise exposed to, the defendants' asbestos products in the conditions in which they left the possession or control of such defendants.

45.   Defendants' asbestos products were defective and unreasonably dangerous at the time they left the possession or control of defendants in one or more of the following ways:

a.   Failed to adequately warn decedent or others of the health hazards of asbestos;

b.   Failed to investigate or test for the health effects of asbestos;

c.   Failed to instruct decedent, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

d.   Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers

when substitutes were available;

e.      Failed to warn decedent or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

f.      Failed to specify proper techniques, methods or processes in the installation or removal of asbestos containing products.

46.      As a direct and proximate result of the acts and omissions of the product defendants above, decedent and plaintiff were injured as described above.

## COUNT III- NEGLIGENCE - PREMISES OWNER

47.      Plaintiff reasserts and realleges the above general allegations in lines 1 - 46, above.

48.      This claim for negligence is brought against the following Defendants (hereinafter "Premises Defendants";

a.      Pabst Brewing Company; &

b.      Wisconsin Electric Power Company

49.      Decedent was a frequenter working in places owned or controlled by the premises defendants.

50.      During times when decedent was working at the premises, asbestos products were being installed or removed so as to create the condition of airborne asbestos on a regular and frequent basis.

51.      Defendants knew of the condition of airborne asbestos in the work place.

52.      Defendants knew or should have known of the health hazards of asbestos.

53.      During decedent's employment at the premises, each defendant, as an employer or an owner, owed a duty to frequenters to provide a safe place as set forth under the common law and codified in Wisconsin Statute § 101.11.

54.      Defendants violated their duty to furnish a safe workplace for decedent in one or more of the following ways:

a.      failing to adequately warn decedent of the dangers of harm from exposure to asbestos;

b.      failing to instruct decedent adequately about safety precautions for exposure to asbestos;

c.      failing to establish adequate safety measures to protect decedent from exposure to asbestos;

d.      failing to adequately test for asbestos where decedent worked;

e.      employing any contractor which failed to take reasonable precautions against the danger of asbestos;

f.      allowing the use of asbestos containing products at the premises; and

g.      failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

55.    The premises defendants were the owners of the premises during the dates and times of Decedent's exposures to asbestos set forth above.

56.    The condition of airborne dust containing asbestos insulation fibers released during the process of applying and removing thermal insulation existed at the premises.

57.    When Decedent worked at the premises, defendants knew or should have known about the health hazards of asbestos.

58.    Defendants in the exercise of ordinary care knew or should have known that the condition of its property involved an unreasonable risk of harm to persons on the premises, including employees of independent contractors such as Decedent, working at the premises.

59.    Defendants knew or should have known that persons on the premises would not discover or realize the danger or would otherwise fail to protect themselves against it.

60.    As the owners of the premises, defendants owed a duty to use ordinary care to provide a reasonably safe place for persons lawfully on the property, including Decedent.

61.    Defendants breached its duty of care and was negligent by one or more of the following acts

or omissions:

a.        failing to adequately warn Decedent of the dangers of harm from exposure to asbestos;

b.        failing to instruct Decedent adequately about safety precautions for exposure to asbestos;

c.        failing to establish adequate safety measures to protect Decedent from exposure to asbestos;

d.        failing to adequately test for asbestos where Decedent worked;

e.        employing any contractor which failed to take reasonable precautions against the danger of asbestos;

f.        allowing the use of asbestos containing products at the premises; &

g.        failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

62.     As a direct and proximate result of the acts and omissions of the premise defendants above, Decedent was injured as described above.

## COUNT IV - CIVIL CONSPIRACY

63.     Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

64.     Plaintiff restates and realleges the allegations set forth in paragraphs 1 - 62 above.

65.     Defendant Metropolitan Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

a.        Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

b.        Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

66. One or more of the conspirators performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos, or failed to instruct about precautionary measures required for protection.

67. As a direct and proximate result of the acts of the conspiracy described above, decedent and plaintiff were injured as described above.

## COUNT V - WRONGFUL DEATH

68. Plaintiff brings this count individually and on behalf of decedent's next of kin for wrongful death against all defendants and incorporates by reference all allegations 1 -63 above.

69. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by plaintiff and decedent's next of kin.

## COUNT VI - PUNITIVE DAMAGES

70. Defendants acted maliciously, with intentional disregard for the rights of decedent and plaintiff for which plaintiff is entitled to recover punitive damages.

## COUNT VII - DECLARATORY JUDGMENT - UNCONSTITUTIONAL LAW

71. In 1995 Wisconsin enacted Act 17 which created restrictions on recoveries by victims of personal injuries.

72. In 2011 Wisconsin enacted Act 2 which created restrictions on recoveries by victims of personal injuries.

73. Plaintiff seeks a declaration that retroactive application of 2005 Act 155 and 2011 Act 2 to limit the recovery in this case is unconstitutional.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

a.　　Judgment against defendants, jointly and severally, for compensatory and general damages.

b.　　Punitive damages in an amount to be determined against each defendant.

c.　　A declaration that 1995 Act 17 and 2011 Act 2 are unconstitutional as applied to this case.

d.　　Such further legal and equitable relief as the court orders to do justice in this case, including without limitation award of costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury.

Dated: December 30, 2013

/S/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
Ph: (312) 944-0600
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com

# Exhibit A

Defendants' States of Incorporation and Principal Places of Business

| Defendant | State of Incorporation | State of Principal Business |
|---|---|---|
| Brand Insulations Inc. | Illinois | Illinois |
| Building Services Industrial Supply, Inc. | Wisconsin | Wisconsin |
| CBS Corporation | Delaware | Pennsylvania |
| Employers Insurance Company of Wausau | Wisconsin | Wisconsin |
| *Foster Wheeler LLC (see below) | Pennsylvania | New York |
| General Electric Company | New York | Conneticut |
| L & S Insulation Company Inc | Wisconsin | Wisconsin |
| Merco-Thermotec LLC | Wisconsin | Wisconsin |
| Metropolitan Life Insurance Company | Delaware | New York |
| Owens-Illinois Inc. | Delaware | Ohio |
| Pabst Brewing Company | Delaware | California |
| Sprinkmann Sons Corporation | Wisconsin | Wisconsin |
| Wisconsin Electric Power Company | Wisconsin | Wisconsin |

| *LLC CITIZENSHIP<br>Citizenship of Managers (a/k/a "Members", "Officers", etc.), for diversity purposes. | City | State |
|---|---|---|
| **Foster Wheeler LLC** | | |
| Richard J. Swift | Clinton | New Jersey |

# Exhibit B

Decedent's work history

| Job-site | City | State | First year (Approx.) | Last year (Approx) |
|----------|------|-------|----------------------|--------------------|
| Port Washington Power Station | Port Washington | WI | 1965 | 1990 |
| South Shore Power House | Milwaukee | WI | 1965 | 1990 |
| Byron Nuclear Power Plant | Byron | IL | 1980s | 1980s |
| Zion Nuclear Power Station | Zion | IL | 1960s | 1960s |
| Koch Refining | St. Paul | MN | 1980 | |
| Miller Brewery | Milwaukee | WI | 1955 | 1975 |
| Pabst Brewery | Milwaukee | WI | 1955 | 1975 |
| Schlitz Brewery | Milwaukee | WI | 1955 | 1975 |
| Ladish | Cudahy | WI | 1972 | |
| Lakeside Power House | Milwaukee | WI | 1965 | Unknown |
| Oak Creek Power Station | Oak Creek | WI | 1965 | 1991 |
| Various homes, schools and hospitals | Milwaukee area | WI | 1955 | 1968 |
| Milwaukee Public Schools | Milwaukee | WI | 1960 | 1964 |
| WEPCO (Wisconsin Electric Power Company) | Oak Creek, Port Washington, Lakeside | WI | 1955 | 1990 |

# EXHIBIT C

STATE OF WISCONSIN     CIRCUIT COURT:     MILWAUKEE COUNTY

Daniel Ahnert and Beverly Ahnert,

     Plaintiffs

vs.

Allied Insulation Supply Co., Inc.,

Building Service, Inc.,

Building Services Industrial Supply, Inc.,

CBS Corporation,

Cleaver Brooks, Inc.,

Employers Insurance Company of Wausau,

Foster Wheeler, LLC,

General Electric Company,

L&S Insulation Co., Inc.,

Metropolitan Life Insurance Company,

Miller Brewing Company,

Milwaukee Insulation Company, Inc.,

Milwaukee Stove and Furnace Supply Company,

Oakfabco, Inc.,

Pabst Brewing Company,

Rapid American Corporation,

Sprinkmann Sons Corporation,

Trane US, Inc.,

COMPLAINT

CASE NO. _____

Case Classification Code: 30108



FILED AND
AUTHENTICATED

O   JAN 1 0 2011   O

JOHN BARRETT
Clerk of Circuit Court

1

Travelers Casualty and Surety Company,

Wisconsin Electric Power Company

Defendants

---

## COMPLAINT

---

Plaintiffs complain of defendants Allied Insulation Supply Co., Inc., Building Service, Inc., Building Services Industrial Supply, Inc., CBS Corporation, Cleaver Brooks, Inc., Employers Insurance Company of Wausau, Foster Wheeler, LLC, General Electric Company, L&S Insulation Co., Inc., Metropolitan Life Insurance Company, Miller Brewing Company, Milwaukee Insulation Company, Inc., Milwaukee Stove and Furnace Supply Company, Oakfabco, Inc., Pabst Brewing Company, Rapid American Corporation, Sprinkmann Sons Corporation, Trane US, Inc., Travelers Casualty and Surety Company and Wisconsin Electric Power Company as follows.

### JURISDICTION AND PARTIES

1.  Plaintiffs Daniel Ahnert and Beverly Ahnert reside at 829 Rumfield Rd, White Settlement, TX 76108.

2.  Plaintiffs are lawfully married. Unless otherwise stated herein, plaintiff refers to Daniel Ahnert.

3.  The defendants at all times relevant to the allegations contained herein were engaged in substantial and not isolated activities within the state of Wisconsin which included one or more of the following: designing, manufacturing, selling, erecting, installing, or removing

2

asbestos-containing products or asbestos insulated equipment (collectively asbestos products).

4.  Defendant Allied Insulation Supply Co., Inc. has its principal place of business in Milwaukee. Defendant Allied Insulation Supply Co., Inc. sold asbestos products including pipe covering, cement, boards, and blocks

5.  Defendant Building Service, Inc. (BSI) has its principal place of business in Milwaukee. BSI sold, installed, and removed asbestos products including, without limitation, wall finishing materials and ceiling tiles.

6.  Building Service Industrial Supply, Inc. (BSIS) has its principal place of business in Milwaukee. BSIS manufactured, distributed, designed, installed, or sold asbestos products including without limitation pipe covering, cement, boards, and blocks. BSIS is responsible for the conduct of Building Service Industrial Sales Company.

7.  Defendant CBS is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed steam generation equipment including without limitation turbines, switchgear and erected and maintained steam generation equipment.

8.  Defendant Cleaver Brooks, Inc. has its principal place of business in Milwaukee, Wisconsin. Cleaver Brooks is a manufacturer and seller of commercial boilers, which were asbestos insulated, and a seller of asbestos products.

9.  Defendant Employers Insurance Company of Wausau is one of the insurers to Sprinkmann Sons, Inc. and is named pursuant to Wis.Stats. §803.04(2)(a) as it has an interest in the outcome adverse to the plaintiff.

10. Defendant Foster Wheeler, LLC is responsible for the conduct of Foster Wheeler which

3

designed and manufactured steam generation equipment, including without limitation superheaters and boilers, erected steam generation equipment, sold asbestos containing products, and installed asbestos containing products.

11. Defendant General Electric manufactured and sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

12. Defendant L & S Insulation has its principal place of business in Milwaukee and is an installer and seller of asbestos products including without limitation pipe covering, cement, boards, blocks, and sealants.

13. Defendant Metropolitan Life conspired to suppress information about the health hazards of asbestos.

14. Defendant Miller Brewing Company has its principal place of business in Milwaukee and is the owner of premises where asbestos products were used.

15. Defendant Milwaukee Insulation Company, Inc. has its principal place of business in Milwaukee and is an installer and seller of asbestos products including without limitation pipe covering, cement, boards, and blocks.

16. Defendant Milwaukee Stove and Furnace Supply Company is a seller of asbestos products including without limitation pipe covering, paper, transite pipe, cement, boards, blocks, and sealants.

17. Defendant Oakfabco's Kewanee boiler division designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes.

4

18. Defendant Pabst has its principal place of business in Milwaukee and is the owner of premises where asbestos products were used.

19. Defendant Rapid American Corporation is responsible for the conduct of Philip Carey. Carey designed, manufactured and sold asbestos containing products, including without limitation pipe covering, block, cement, board, and air cell and supplied asbestos fibers.

20. Defendant Sprinkmann Sons has its principal place of business in Milwaukee, Wisconsin. Sprinkmann is an installer and seller of asbestos products including without limitation pipe covering, cement, boards, blocks, asbestos fibers, and turbine blankets, and a manufacturer of asbestos containing products including without limitation cement, blankets, and block.

21. Defendant Trane is responsible for the conduct of American Standard, Inc. The Kewanee boiler division formerly operated by American Standard designed, manufactured and sold asbestos-containing and covered boilers and sold asbestos containing products including without limitation gaskets, cements, packing, and ropes. Trane manufactures and sells asbestos containing heating, ventilation and air conditioning products and equipment.

22. Defendant Travelers Casualty and Surety Company is one of the insurers to Sprinkmann Sons, Inc. and is named pursuant to Wis.Stats. §803.04(2)(a) as it has an interest in the outcome adverse to the plaintiff.

23. Defendant Wisconsin Electric Power Company has its principal place of business in Milwaukee, and is the owner or operator of premises where asbestos products were used.

24. Venue in Milwaukee County is appropriate pursuant to Wis. Stats. 801.50 (2) as

5

a. The injury (exposure to asbestos) occurred in Milwaukee County and

b. one or more of the defendants engage in substantial business in Milwaukee County.

## GENERAL ALLEGATIONS

25. Plaintiff Daniel Ahnert, from approximately 1955 to1980, was exposed to and inhaled airborne asbestos fibers released while using or working in proximity to others using or removing such products.

26. During the period of his exposures, plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

27. Plaintiff was diagnosed with malignant mesothelioma within three years of the date of this complaint.

28. This asbestos disease and injury began before April of 1994.

29. Malignant mesothelioma is an incurable cancerous condition caused by exposure to asbestos which is eventually fatal.

30. All exposures to asbestos that plaintiff received contributed to the disease.

31. Plaintiff Daniel Ahnert suffered great pain, physical impairment, great mental pain and anguish, and is liable for large sums of money for medical and hospital care.

32. Plaintiff Beverly Ahnert has been cohabiting with her husband and is deprived of the normal services, companionship, society, and relationship as a result of her husband's injury.

6

## FIRST CAUSE OF ACTION - PRODUCTS LIABILITY - NEGLIGENCE

33. Plaintiffs bring this claim for negligence and restate and reallege the allegations in paragraphs 1-32 above.

34. This claim is brought against the following defendants (collectively the "product defendants") for designing, manufacturing, selling, erecting, installing, or removing asbestos products or fibers to which plaintiff may have been exposed:

   a. Allied Insulation Suply Co., Inc.

   b. Building Service, Inc.

   c. Building Services Industrial Sales, Inc.

   d. CBS Corporation

   e. Cleaver Brooks, Inc.

   f. Employers Insurance Company of Wausau

   g. Foster Wheeler, LLC

   h. General Electric Company

   i. L&S Insulation Co., Inc.

   j. Metropolitan Life Insurance Company

   k. Milwaukee Insulation Company Inc.

   l. Milwaukee Stove and Furnace Supply Company

   m. Oakfabco, Inc.

   n. Rapid American Corporation

   o. Sprinkmann Sons Corporation

   p. Trane U.S., Inc.

7

q.   Travelers Casualty and Surety Company

35.  It was reasonably foreseeable that plaintiff and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

36.  Defendants had a duty to exercise reasonable care for the safety of plaintiff and others who worked with or were exposed to the defendants' asbestos products.

37.  Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and/or death.

38.  Plaintiff did not know that asbestos products or asbestos were so dangerous or harmful at the time of his exposures.

39.  Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

a.   Failed to adequately warn plaintiff or others of the health hazards of asbestos;

b.   Failed to investigate or test for the health effects of asbestos;

c.   Failed to instruct plaintiff, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

d.   Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

e.   Failed to warn plaintiff or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

f.   Used unsafe techniques, methods, or processes in the installation or removal of asbestos containing products.

8

40. As a direct and proximate result of the acts and omissions of the product defendants, plaintiff was injured as described above.

## SECOND CAUSE OF ACTION – PRODUCT LIABILITY
### (UNREASONABLY DANGEROUS PRODUCT)

41. This claim is asserted against the product defendants as set forth in the negligence allegations above.

42. Plaintiff restates and realleges the allegations set forth in paragraphs 1-32 above.

43. Defendants are in the business of selling asbestos products.

44. Defendants placed their asbestos products into the stream of commerce with the expectation that they would reach plaintiff and other users and consumers without substantial change in the condition they were in when they left the possession or control of defendants.

45. Plaintiff removed, installed, and handled, or was otherwise exposed to, the defendants' asbestos products in the conditions in which they left the possession or control of such defendants.

46. Defendants' asbestos products were defective and unreasonably dangerous at the time they left the possession or control of defendants in one or more of the following ways:

    a.      Failed to adequately warn plaintiff or others of the health hazards of asbestos;

    b.      Failed to investigate or test for the health effects of asbestos;

    c.      Failed to instruct plaintiff, his employers, or others in the use of precautionary measures relating to airborne asbestos fibers released from asbestos products or asbestos insulated equipment;

    d.      Used defectively designed asbestos-containing products or asbestos-insulated

9

equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

e.   Failed to warn plaintiff or others of the danger of the airborne asbestos fibers released after the products or equipment were installed at the premises;

f.   Failed to specify proper techniques, methods or processes in the installation or removal of asbestos containing products.

47.   As a direct and proximate result of the acts and omissions of the product defendants, plaintiff was injured as described above.

## THIRD CAUSE OF ACTION - PREMISES LIABILITY

48.   Plaintiff brings this claim for premises liability and restates and realleges the allegations set forth in paragraphs 1-32 above.

49.   This claim is asserted against the following defendants (collectively the premises defendants) which are responsible for the premises which were places of employment where decedent may have been exposed to asbestos:

a.   Miller Brewery

b.   Pabst Brewing Company

c.   Wisconsin Electric Power Company

50.   Plaintiff Daniel Ahnert worked as an employee of independent contractors in places of employment owned, operated, or controlled by the premises defendants or entities for which they are responsible.

51.   During times when plaintiff was working at the premises, asbestos products were being installed or removed so as to create the condition of airborne asbestos on a regular and frequent basis.

52.   Defendants knew of the condition of airborne asbestos in the work place.

53.   Defendants knew or should have known of the health hazards of asbestos.

54.   During plaintiff's employment at the premises, each defendant owed a duty to furnish and maintain a place of employment as safe as the nature of its business would reasonably permit as set forth under the common law and codified in Wisconsin Statute § 101.11,

10

titled "Employer's duty to furnish safe employment and place.".

55. Defendants violated their duty to furnish a safe workplace for plaintiff in one or more of the following ways:

    a.      failing to adequately warn plaintiff of the dangers of harm from exposure to asbestos;

    b.      failing to instruct plaintiff adequately about safety precautions for exposure to asbestos;

    c.      failing to establish adequate safety measures to protect plaintiff from exposure to asbestos;

    d.      failing to adequately test for asbestos where plaintiff worked;

    e.      employing any contractor which failed to take reasonable precautions against the danger of asbestos;

    f.      allowing the use of asbestos containing products at the premises;

    g.      failing to assign or hire personnel qualified to recognize, evaluate and control asbestos exposures at the premises.

56. As a direct and proximate result of the acts and omissions of the premises defendants, plaintiff was injured as described above.

<u>FOURTH CAUSE OF ACTION - CIVIL CONSPIRACY</u>

57. Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

58. Plaintiff restates and realleges the allegations set forth in paragraphs 1-32 above.

59. Defendant Met Life and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a.      Suppressing information about the health hazards of asbestos, including medical

11

and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

b.     Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

60.     One of more of the conspirators performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos, or failed to instruct about precautionary measures required for protection.

61.     As a direct and proximate result of the acts of the conspiracy, plaintiff was injured as described above.

## PUNITIVE DAMAGES

62.     Defendants acted maliciously, with intentional disregard for the rights of plaintiff for which plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

63.     Plaintiff prays for relief as follows:

a.     Judgment against defendants, jointly and severally, for compensatory and general damages;

b.     Punitive damages;

c.     costs and disbursements of this action;

d.     Such further legal and equitable relief as the Court orders.

Dated: January 7, 2011

12

Respectfully submitted,

Attorney for plaintiff

Robert G. McCoy
State Bar No: 1054014
Cascino Vaughan Law Offices
220 South Ashland Avenue
Chicago, IL 60607
Phone: (312) 944-0600
bmccoy@cvlo.com

13

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

Civil Action No. MDL 875

AHNERT et al v. CBS CORPORATION et al

FILED
SEP 21 2012

E.D. No. 10-CV-67443
*Trans from WI-E Case No. 10-0156*

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

This matter coming before the court on Plaintiff's Motion to Substitute Parties, it is

hereby ordered:

1.  Beverly Ahnert is substituted as plaintiff on behalf of the estate of Daniel Ahnert

2.  The caption is hereby amended on its face to read: "Beverly Ahnert, individually and on

    behalf of the Estate of Daniel Ahnert, deceased."

Dated: Sept. 21, 2012

Honorable Eduardo C. Robreno

# EXHIBIT E

**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAN 0 2 2014

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

```
------------------------------------------------ x
IN RE:  ASBESTOS PRODUCTS           :       CIVIL ACTION NO. MDL 875
LIABILITY LITIGATION (NO. VI)       :
------------------------------------------------ x
This Document Relates To:           :
------------------------------------------------ x
BEVERLY AHNERT, Individually and on :
Behalf of the Estate of DANIEL AHNERT, :
Deceased,              FILED        :       Transferee E.D. Pa.
                                    :          Case No. 10-cv-67443
          Plaintiff,  JAN - 2 2014 :
     v.                             :
                 MICHAEL E. KUNZ, Clerk :     Transferor E.D. Wis.
CBS CORPORATION et al., By_____ Dep. Clerk :     Case No. 10-cv-00156
                                    :
          Defendants.               :
------------------------------------------------ x
```

## ORDER

AND NOW, this ___2nd___ day of January 2014, upon Plaintiff's and Defendant

Owens-Illinois, Inc.'s Stipulation to Dismiss, it is hereby **ORDERED** that Plaintiff's

claims as alleged against Owens-Illinois, Inc. ~~shall be~~ dismissed with prejudice, each

party to bear its own costs.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------ x
IN RE:  ASBESTOS PRODUCTS                    :     CIVIL ACTION NO. MDL 875
LIABILITY LITIGATION (NO. VI)                :
------------------------------------------------------ x
This Document Relates To:                         :
------------------------------------------------------ x
BEVERLY AHNERT, Individually and on     :
Behalf of the Estate of DANIEL AHNERT,     :
Deceased,                                               :     Transferee E.D. Pa.
                                                             :        Case No. 10-cv-67443
                    Plaintiff,                           :
          v.                                               :
                                                             :     Transferor E.D. Wis.
CBS CORPORATION *et al.*,                    :        Case No. 10-cv-00156
                                                             :
                    Defendants.                       :
------------------------------------------------------ x

## STIPULATION TO DISMISS

Plaintiff and Defendant Owens-Illinois, Inc., pursuant to Federal Rule of Civil

Procedure 41(a) and Owens-Illinois, Inc.'s Second Motion for Summary Judgment (ECF

No. 382), stipulate and agree that Plaintiff's claims as alleged against Owens-Illinois,

Inc. shall be dismissed with prejudice, each party to bear its own costs, and request that

an order to this effect be entered without further notice.

Dated:  December 31, 2013

Michael P. Cascino                                    Edward Casmere
Jin-Ho Chung                                           Brian O. Watson
Attorney for Plaintiff                                 Attorney for Defendant Owens-Illinois Inc.
Cascino Vaughan Law Offices, Ltd.          Schiff Hardin LLP
220 S. Ashland Ave.                               233 S. Wacker Dr., Ste. 6600
Chicago, IL 60607                                   Chicago, IL 60606