UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

BEVERLY AHNERT,

    Plaintiff,

vs.

CBS CORPORATION, et al.,

    Defendants.

Civil Action No. 2:13-CV-1456

The Honorable Charles N. Clevert, Jr.

_____

**Plaintiff's Response to Owens-Illinois, Inc.'s Motion to Dismiss**
_____

Plaintiff opposes Owens-Illinois, Inc.'s ("O-I") motion to dismiss the complaint.

BACKGROUND

On February 25, 2010, Daniel Ahnert ("Daniel") filed a complaint against O-I and other defendants in the Eastern District of Wisconsin alleging he had developed a nonmalignant asbestos disease called "asbestosis" (the "nonmalignant case"). (Ex 1 at ¶27.) That complaint was eventually transferred to MDL 875 and remains pending.

On or about January 4, 2011, Daniel was diagnosed with mesothelioma, a type of cancer caused by exposure to asbestos. Daniel filed a new lawsuit on January 10, 2011, in the Circuit Court of Milwaukee County alleging mesothelioma (the "state case"). O-I was not named as a defendant in the state case. The nonmalignant case was never amended to allege Daniel's diagnosis with mesothelioma. The state case was voluntarily dismissed.

On July 7, 2011, Daniel Ahnert died. His death certificate listed as separate causes of

1

death "asbestosis" and "mesothelioma." (Ex 2.) Beverly Ahnert was appointed special administrator of her late husband's estate.

On December 30, 2013, Beverly Ahnert, individually and as special administrator of the estate of Daniel Ahnert, filed the instant lawsuit against O-I and other defendants in this court, alleging Daniel Ahnert's mesothelioma diagnosis (the "federal malignant case"). The federal malignant case was filed within the 3 year statute of limitations period from the date of the diagnosis of mesothelioma.

On December 31, 2013, plaintiff and O-I entered into a stipulation in the nonmalignant case. The stipulation dismissed only the nonmalignant claims "as alleged" in the complaint in the nonmalignant case. The stipulation provided in relevant part: "Plaintiff and Defendant Owens Illinois, Inc.... stipulate and agree that Plaintiff's claims *as alleged* against Owens-Illinois, Inc. shall be dismissed with prejudice, each party to bear their own costs, and request that an order to this effect be entered without further notice." (Ex 3 [emphasis added].) On January 2, 2014, the federal district court entered an order dismissing the claims "as alleged" against O-I from the non malignant case. The order stated, in relevant part: "upon Plaintiff's and Defendant Owens-Illinois, Inc.'s Stipulation to Dismiss, it is hereby ORDERED that Plaintiff's claims *as alleged* against Owens-Illinois, Inc. is dismissed with prejudice, each party to bear its own costs." (Ex 4 [emphasis added].)

On February 20, 2014, O-I moved to dismiss the Plaintiff's federal malignant case, contending Plaintiff's mesothelioma claim is barred by the doctrine of claim preclusion.

ARGUMENT

Claim preclusion is inapplicable to Plaintiff's federal malignant case for two separate

reasons. First, under Wisconsin law, a final judgment on a non-malignant claim for exposure to asbestos does not bar a malignant claim. Second, claim preclusion is improper because no final judgment was entered on the merits of Plaintiff's mesothelioma claim.

I.   *Final Judgment on a Non-Malignant Claim Does Not Preclude a Malignant Claim.*

In *Sopha v. Owens-Illinois, et. al.*, 230 Wis. 2d 212, 233 (Wis. 1999), the victim had filed a nonmalignant claim for "asbestosis" in 1987. The nonmalignant claim was resolved by a final judgment. The victim was diagnosed with mesothelioma and filed a new case alleging that diagnosis in 1997. The Wisconsin Supreme Court held that the doctrine of claim preclusion does not bar a claim for mesothelioma following a decision on the merits of the earlier nonmalignant claim. The *Sopha* Court stated, in relevant part:

> we hold that a person who brings an action based on a diagnosis of a non-malignant asbestos-related condition may bring a subsequent action upon a later diagnosis of a distinct malignant asbestos-related condition. *The diagnosis of a malignant asbestos-related condition creates a new cause of action* and the statute of limitations governing the malignant asbestos-related condition begins when the claimant discovers, or with reasonable diligence should discover, the malignant asbestos-related condition.

*Sopha*, 230 Wis.2d at 244 [emphasis added]. The fact pattern here is analogous to *Sopha*. Plaintiff's complaint in the prior, nonmalignant case was limited to the nonmalignant condition of asbestosis. After Daniel Ahnert was diagnosed with mesothelioma, Plaintiff filed the instant federal malignant case within the statute of limitations period for the mesothelioma diagnosis. Pursuant to the holding in *Sopha*, final judgment on Plaintiff's nonmalignant case does not bar the instant action for the malignant condition. *Sopha*, 230 Wis.2d at 244.

O-I argues in its motion to dismiss that *Sopha* is inapplicable to the instant case because Plaintiff knew that Daniel Ahnert had developed mesothelioma before O-I was dismissed from

3

the non-malignant claim, and that Plaintiff "could have" amended the complaint in the nonmalignant case to add a claim for mesothelioma.[1] This argument lacks merit. As discussed above, the Supreme Court of Wisconsin in *Sopha* held that "[t]he diagnosis of a malignant asbestos-related condition creates *a new cause of action*" and that the statute of limitations for this new cause of action starts running when the claimant discovers (or should have discovered) the malignant condition. *Sopha*, 230 Wis. 2d at 244. Because a new cause of action was created when Daniel Ahnert developed mesothelioma, and the claim for mesothelioma was made within the statute of limitations period, *Sopha* is squarely applicable.

II. *No Final Judgment on the Merits was Rendered on Plaintiff's Mesothelioma Claim.*

Claim preclusion also does not apply because (1) the dismissal of O-I from the prior, nonmalignant claim did not result in a final judgment on the merits with respect to Plaintiff's malignant claim; and (2) there is no identity of causes of action between the nonmalignant claim and the malignant claim. The Supreme Court of Wisconsin has stated that "under the doctrine of claim preclusion, a subsequent action is barred when the following three factors are present: (1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the

---

[1] O-I's position in the instant motion is contrary to its position in the prior, nonmalignant case. In its motion for summary judgment in the nonmalignant case, O-I contended the nonmalignant case could not be amended to include a mesothelioma claim. O-I argued discovery had closed and the amendment "would unquestionably burden the Court and its roadmap [scheduling order]." (Ex. 5 at p.24-25.)

4

causes of action in the two suits." *Sopha*, 230 Wis.2d at 233-34.[2] O-I cannot demonstrate that factors (2) and (3) have been satisfied.

The third factor enumerated by the Supreme Court of Wisconsin in *Sopha*–i.e., identity of the causes of action–is clearly not present. As discussed above, the Plaintiff's complaint in the nonmalignant case only alleged that Daniel Ahnert had developed the nonmalignant condition of "asbestosis." (Ex 1 at ¶27.) It is undisputed that the Plaintiff's complaint in the nonmalignant case was never amended to add a claim for mesothelioma. (*See* O-I's motion to dismiss, at p.2 (stating "Plaintiff never amended the Complaint [in the nonmalignant case] to allege Mr. Ahnert's diagnosis with mesothelioma.")) Further, as the Wisconsin Supreme Court held in *Sopha*, development of mesothelioma creates a "new cause of action." *Sopha*, 230 Wis.2d at 244. Accordingly, there is no identity of the causes of action between the nonmalignant case and the federal malignant case, and claim preclusion is inapplicable.

Claim preclusion is also inapplicable because the second factor enumerated by the Wisconsin Supreme Court–finality of the judgment–is not present. As discussed above, the stipulation of dismissal in the nonmalignant case between Plaintiff and O-I specifically stated that the parties agree that "Plaintiff's claims *as alleged against Owens-Illinois, Inc*. shall be dismissed with prejudice." (See Ex 3 [emphasis added].) Similarly, the court's order of dismissal stated, in relevant part: "it is hereby ORDERED that Plaintiff's claims *as alleged*

---

[2] Plaintiff and O-I both agree that Wisconsin law controls the issue of claim preclusion in this case. *See* O-I's motion to dismiss, at p.4. Should this court find that federal law applies, however, the result in the same. Under federal law, in order for a prior suit to preclude parties from re-litigating an issue, the doctrine of collateral estoppel requires the issue to have been "actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co., Inc. v. Shore*, 438 U.S. 322, 326 (1979). For the reasons stated herein, plaintiff's mesothelioma claim was neither actually litigated (because it was never alleged in the nonmalignant case) nor necessary to the outcome of the nonmalignant action.

5

*against Owens-Illinois, Inc.* is dismissed with prejudice, each party to bear its own costs." (Ex 4 [emphasis added].) Plaintiff did not allege mesothelioma against O-I in the nonmalignant case. Accordingly, based on the express terms of the stipulation and order of dismissal of O-I from the non-malignant claim, neither operates as a decision or final judgment on the merits of the mesothelioma claim in the instant case.

O-I's reliance on *Manu-Tronics, Inc. v. Effective Mgmt. Sys., Inc.*, 163 Wis.2d 304, 315 n.7 (Ct.App. 1991) for the assertion that the stipulation nevertheless operated as a final judgment on the merits of Plaintiff's mesothelioma claim is misplaced. *See* O-I's motion to dismiss, at p.5. In *Manu-Tronics*, the stipulation of dismissal between the parties specifically stated that "all causes of action, *whether pled or not*, were dismissed upon their merits and with prejudice." *Manu-Tronics*, 163 Wis.2d at 309 and 315 n.7 [emphasis added]. In contrast, the stipulation of dismissal in plaintiff's nonmalignant case is limited to "Plaintiff's claims *as alleged* against Owens-Illinois, Inc." (Ex 3 [emphasis added].) The claim "as alleged against Owens-Illinois, Inc." in the nonmalignant case was asbestosis. (Ex 1 at ¶27.) Indeed, O-I specifically acknowledged in filing a motion for summary judgment in the nonmalignant case that "Plaintiffs' Complaint alleges one and only one injury: asbestosis." (Ex 5 at 24.) Likewise in the instant motion to dismiss, O-I acknowledges: "Plaintiff never amended the [nonmalignant case] to allege Mr. Ahnert's diagnosis with mesothelioma." Accordingly, *Manu-Tronics* is not only distinguishable from the instant case based on the specific language of the stipulation of dismissal, it actually supports the conclusion that claim preclusion is improper in the instant case. Had O-I wished to preclude Plaintiff from pursuing the pending claim for Daniel Ahnert's mesothelioma diagnosis, it could have done so by insisting on a stipulation (in the nonmalignant

6

case) that "all causes of action, *whether pled or not*, were dismissed upon their merits and with prejudice." *Manu-Tronics*, 163 Wis.2d at 309 and 315 n.7.

CONCLUSION

Plaintiff respectfully requests that defendant Owens-Illinois, Inc.'s motion to dismiss the amended complaint be denied, and for such other relief as this court finds just and appropriate.


Dated: March 6, 2014

/s/ Robert G. McCoy
Attorney for plaintiff

Robert G. McCoy
Jin-Ho Chung
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
312.944.0600
bmccoy@cvlo.com

7

---
**Certificate of Service**
---

I hereby certify that on March 6, 2014, I caused the forgoing to be electronically filed with the United States District Court for the Eastern District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: March 6, 2014

/s/ *Robert G. McCoy*

Attorney for plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
312.944.0600
bmccoy@cvlo.com