IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Beverly Ahnert, individually and as Executrix of the Estate of Daniel Ahnert, Deceased, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:13-cv-1456 ) |
| v. | ) ) Judge Charles N. Clevert, Jr. |
| Brand Insulation, Inc., et al., | ) ) |
| Defendants. | ) |

## OWENS-ILLINOIS, INC.'S REPLY
## IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Owens-Illinois, Inc. ("Owens-Illinois") was a defendant in Plaintiff's Prior Federal Court Claim, Plaintiff was aware of and could have asserted her current claims in her previous lawsuit, and the order dismissing Plaintiff's Prior Federal Court Claim because Plaintiff cannot establish exposure to asbestos from an Owens-Illinois product is a final judgment on the merits. Because Plaintiff could have asserted her current claims in her Prior Federal Court Claim, the narrow exception to claim preclusion created in *Sopha v. Owens-Corning Fiberglas Corp.*, 230 Wis. 2d 212, 601 N.W.2d 627 (Wis. 1999), does not apply to this case. Owens-Illinois has established all of the elements for claim preclusion, and Owens-Illinois respectfully requests that the Court dismiss with prejudice Plaintiff's claims as against Owens-Illinois. Fed. R. Civ. P. 12(b)(6); *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 596, 698 N.W.2d 738, 745.

# ARGUMENT

Wisconsin applies a transactional approach to claim preclusion and considers any claim arising out of a common nucleus of operative facts as one that could have been litigated with the prior action. *Kruckenberg v. Harvey*, 2005 WI 43, ¶¶ 25-26, 279 Wis. 2d 520, 533-34, 694 N.W.2d 879, 886. Claim preclusion therefore bars all causes of action that were or could have been litigated between the same parties. *Menard,* 2005 WI 98, ¶ 26, 282 Wis. 2d at 596, 698 N.W.2d at 745.

## I. PLAINTIFF'S CLAIMS COULD HAVE BEEN LITIGATED IN HER PRIOR ACTION.

This lawsuit and Plaintiff's Prior Federal Court Claim arise out of Mr. Ahnert's alleged exposure to asbestos from Owens-Illinois Kaylo. Because Plaintiff's current claims arise out of the same transaction or occurrence as her Prior Federal Court Claim, and because Plaintiff was aware of her current claims during the pendency of her Prior Federal Court Claim, Plaintiff could have litigated her current claims with her Prior Federal Court Claim. *Kruckenberg,* 2005 WI 43, ¶ 26, 279 Wis. 2d at 534, 694 N.W.2d at 886.

## II. THE ORDER DISMISSING PLAINTIFF'S PRIOR ACTION WITH PREJUDICE IS A FINAL JUDGMENT ON THE MERITS.

Owens-Illinois's motion for summary judgment in the Prior Federal Court Claim was based on the fact that Plaintiff cannot prove Mr. Ahnert was exposed to asbestos from an Owens-Illinois product. Plaintiff therefore stipulated that the claims against Owens-Illinois should be dismissed with prejudice based on Owens-Illinois's motion for summary judgment. Stipulation to Dismiss, *Ahnert v. CBS Corp.*, Case No. 2:10-cv-67443-ER, ECF No. 391. The Court entered an

order to that effect. Order, *Ahnert v. CBS Corp.*, Case No. 2:10-cv-67443-ER, ECF No. 392. That stipulation and ruling go straight to the heart of Plaintiff's Prior Federal Court Claim and to the heart of her claims alleged in this case. The order dismissing the Prior Federal Court Claim as to Owens-Illinois is a final judgment on the merits.[1] *Wisconsin Pub. Serv. Corp. v. Arby Const., Inc.*, 2011 WI App 65, ¶ 29, 333 Wis. 2d 184, 201, 798 N.W.2d 715, 724 aff'd, 2012 WI 87, 342 Wis. 2d 544, 818 N.W.2d 863 (stipulation and order dismissing claims with prejudice operated as final judgment on the merits).

### III. BECAUSE PLAINTIFF HAD AN OPPORTUNITY TO ASSERT HER CLAIMS IN HER PRIOR LAWSUIT, *SOPHA* DOES NOT APPLY.

The narrow exception to the doctrine of claim preclusion that the Wisconsin Supreme Court created in *Sopha* does not apply to this case.

#### A. *Sopha* Holds Only that Plaintiffs Should Not Be Precluded From Asserting Claims that Did Not Exist During the Pendency of a Prior Lawsuit.

In *Sopha,* the plaintiff filed a lawsuit based on a non-malignant injury allegedly caused by asbestos exposure. He fully litigated that claim on the merits. *Sopha* 230 Wis. 2d at 218-19, 601 N.W.2d at 630. Ten years later, he developed mesothelioma and sued the same defendants, alleging the same

---

[1] It does not matter that the language of the order dismissing Plaintiff's Prior Federal Court Claim against Owens-Illinois differs slightly from the stipulation in *Manu-Tronics.* The *Manu-Tronics* court did not base its holding on the language of the stipulation and order; it dismissed the plaintiff's second action because the plaintiff's claims could have been asserted in a prior action against the same parties and because there was a final judgment on the merits in prior action. *Manu-Tronics, Inc. v. Effective Mgmt. Sys., Inc.,* 163 Wis. 2d 304, 315, n. 7, 471 N.W.2d 263, 268 (Ct. App. 1991). Furthermore, the language of the order dismissing Plaintiff's Prior Federal Court Claim against Owens-Illinois reflects that the case continued, and still continues to this day, against other defendants and only Owens-Illinois was dismissed with prejudice.

exposure caused his cancer. *Id.* at 219, 601 N.W.2d at 630. The defendants argued that the plaintiff's claims were barred by the doctrine of claim preclusion. *Id.* at 221, 601 N.W.2d at 631. The Court concluded that, because the plaintiff could not have reasonably predicted his mesothelioma during the pendency of his prior lawsuit, he could not have asserted his mesothelioma claim in his prior action. *Id.* at 238, 601 N.W.2d at 639. Because the plaintiff could not have asserted his mesothelioma claims in the prior action, they were not barred by the doctrine of claim preclusion. *Id.*

Although the Wisconsin Supreme Court found that Sopha's mesothelioma claims were not barred, it warned that the doctrine of claim preclusion "may only be disregarded . . . when the policies favoring preclusion are trumped by other significant policies." *Sopha,* 230 Wis. 2d at 236, 601 N.W.2d at 638. Absent special circumstances, such as where a claimant would be forced to "choose between seeking recovery for non-malignant asbestos-related injuries . . . or wait[] for the development of more serious malignant injuries" that may never arise, the interests of justice do not require finding that the later claims were not barred by claim preclusion. *Id.* at 236-37, 601 N.W.2d at 638. A more broad exception would "weaken the valves of repose and reliance." *Id.* at 236, 601 N.W.2d at 638.

### B. Because Plaintiff Chose Not to Timely Assert Her Claims in the Prior Lawsuit, *Sopha* Does Not Apply.

The *Sopha* exception does not apply to this case. Mr. Ahnert was diagnosed with mesothelioma nearly three years before Plaintiff's Prior Federal Court Claim was dismissed with prejudice as against Owens-Illinois. Six days

- 4 -
Case 2:13-cv-01456-CNC   Filed 03/20/14   Page 4 of 7   Document 40

later, Plaintiff and her husband filed a lawsuit in state court seeking damages for his mesothelioma. Six month later, Mr. Ahnert died, and Plaintiff amended the complaints in both her Prior Federal Court Claim and her Prior State Court Action.

Plaintiff was aware of Mr. Ahnert's alleged mesothelioma during the pendency of her Prior Federal Court Claim. She had sufficient time to amend the complaint in her Prior Federal Court Claim to assert a claim for these injuries. She did not. Plaintiff's delay, not any inability to assert her claims in the Prior Federal Court Claim, caused her to lose the opportunity to assert her claims.[2]

### C. Plaintiff's Seriatim Filing of Lawsuits Is What Claim Preclusion Is Meant to Prevent.

Plaintiff has now filed three lawsuits, all arising out of the same allegations of asbestos exposure. Owens-Illinois litigated the Prior Federal Court Claim for years, at significant expense, and ultimately prevailed because Plaintiff could not prove that Mr. Ahnert was exposed to asbestos from its product. Plaintiff now tries to avoid that judgment by filing another lawsuit arising out of the same transaction. This is exactly the type of conduct the claim preclusion doctrine is meant to prevent, and it should not be encouraged.

---

[2] Plaintiff claims Owens-Illinois prevented her from amending the Complaint in the Prior Federal Court Claim to allege mesothelioma. Pl.'s Resp. at 4, n.1, ECF No. 37. That is not correct. Owens-Illinois objected to the procedure by which and the time at which Plaintiff sought to assert unpled mesothelioma claims. Pl.'s Resp., Ex. 5 at 24-25. Owens-Illinois sought to prevent Plaintiff from asserting, or amending the Complaint to assert, these claims after Owens-Illinois had already filed its motion for summary judgment and after discovery had closed. *Id.* Owens-Illinois argued that allowing such a late amendment would prejudice Owens-Illinois and the Court. *Id.*

*Sopha*, 230 Wis. 2d at 235, 601 N.W.2d at 637 (acknowledging purpose of claim preclusion is to prevent relitigating claims to "obtain improved justice in a second action.").

## **CONCLUSION**

Because Plaintiff's claims could have been asserted in her Prior Federal Court Claim, and because the order dismissing Plaintiff's Prior Federal Court Claim was a final judgment on the merits, Plaintiff's claims are barred by the doctrine of claim preclusion. Accordingly, Owens-Illinois respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure.

Dated: March 20, 2014

Respectfully submitted,

By: /s/Brian O. Watson
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant*
*Owens-Illinois, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on March 20, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

CH2\14373236.4