UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

BEVERLY AHNERT
Individually and as Executrix of the
Estate of Daniel Ahnert, Deceased,

    Plaintiff,

v.                                                         Case No. 13-C-1456

BRAND INSULATION INC.,
BUILDING SERVICES INDUSTRIAL SUPPLY INC.,
CBS CORPORATION,
EMPLOYERS INSURANCE COMPANY OF WAUSAU,
FOSTER WHEELER LLC,
GENERAL ELECTRIC COMPANY,
L & S INSULATION COMPANY INC.,
OWENS-ILLINOIS INC.,
PABST BREWING COMPANY,
SPRINKMANN SONS CORPORATION,
WISCONSIN ELECTRIC POWER COMPANY,
MERCO-THERMOTEC INC.,

    Defendants.

---

ORDER GRANTING MERCO-THERMOTEC, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO COMPLAINT (DOC. 44) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO EXPEDITE THE TESTIMONY OF CO-WORKER WITNESS CHARLES CHARLES LEWITZKE (DOC. 43)

The following addresses several pending motions in advance of the June 3, 2014, telephonic scheduling conference. First, defendant, Merco-Thermotec, Inc., seeks leave to file an amended answer to the complaint for the purpose of incorporating an answer to any and all crossclaims. Merco's answer was timely filed and Merco sought leave to amend before the scheduling conference and prior to conducting discovery. In the absence of opposition and apparent prejudice to any of the parties, the court is persuaded to approve defendant's request.

Next, plaintiff seeks leave to expedite the testimony of an 88-year-old co-worker witness, Charles Lewitzke, so that his testimony may be preserved in advance of trial. It is not clear whether plaintiff intended to bring the motion on an expedited basis pursuant to Rule 7(h) of the Eastern District of Wisconsin's Civil Local Rules. If so, the motion does not comply with that rule. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Additionally, Rule 30(a)(2)(ii) requires leave of the court to take a deposition without the stipulation of the parties and prior to the Rule 26(f) conference. Fed. R. Civ. P. 30(a)(2)(ii). Ordinarily such an order for expedited discovery requires a showing of reasonableness or good cause. *See generally Sheridan v. Oak Street Mortg., LLC,* 244 F.R.D. 520, 521 (E.D. Wis. 2007) (citing 8 Charles Alan Wright, et al., *Federal Practice and Procedure*, § 2046.1 (2d ed.1998)).

Plaintiff seeks to depose Charles Lewitzke because Lewitzke worked with the decedent, Daniel Ahnert, at various jobsites during the 1960s and 1970s and may provide testimony regarding Ahnert's alleged exposure to asbestos. However, plaintiff cites nothing more than Lewitzke's age as the basis for her request. Because the scheduling conference is one week away and the deposition could proceed in relatively short order, the requested relief is not warranted at this time.

Now, therefore,

IT IS ORDERED that defendant Merco-Thermotec, Inc.'s motion for leave to file an amended answer to the complaint is granted. The Clerk of Courts shall docket the amended answer attached to the motion.

2

IT IS FURTHER ORDERED that plaintiff's motion to expedite the testimony of co-worker witness Charles Lewitzke is denied without prejudice.

IT IS FURTHER ORDERED that the respective parties shall be prepared to address Owens-Illinois, Inc.'s motion to dismiss at the time of the scheduling conference.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2014.

BY THE COURT

/s/ C. N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE