UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WISCONSIN

BEVERLY AHNERT,

    Plaintiff,

vs.

CBS CORPORATION, et al.,

    Defendants.

Civil Action No. 2:13-CV-1456

The Honorable Charles N. Clevert, Jr.

**Plaintiff's Supplemental Brief in Response to
Owens-Illinois, Inc.'s Motion to Dismiss**

Plaintiff submits this supplemental brief in response to Owens-Illinois, Inc.'s ("O-I") motion to dismiss the complaint, based on issues that came during telephonic oral argument on June 3, 2014.

## BACKGROUND

The following is a time line of events to address the Court's questions raised during oral argument on June 3, 2014.

* February 25, 2010: Daniel Ahnert ("Ahnert") files a complaint against O-I and other defendants in the Eastern District of Wisconsin alleging he has developed a nonmalignant asbestos disease called "asbestosis" (the "MDL 875 case"). The complaint was transferred to MDL 875 before Judge Eduardo Robreno, and remains pending.

* January 4, 2011: Ahnert is diagnosed with mesothelioma.

* March 23, 2011: Ahnert's diagnosis of mesothelioma was disclosed to the defendants in

1

the MDL 875 case through plaintiff's supplemental responses to standard interrogatories (Ex. 1 at ¶3) Thereafter, discovery was conducted by the parties based on the disclosure of the mesothelioma diagnosis.[1]

* October 8, 2012: Defendants in the MDL 875 case file their motions for summary judgment, pursuant to the MDL 875's scheduling order.[2]

* June 19, 2013: Judge Robreno issued an order in *Held v. A C and S, et. al.*, E.D. Pa. Case No. 10-67814-ER, another Wisconsin federal court case filed by Cascino Vaughan law offices that had been transferred to the MDL 875. As Ahnert had in the MDL 875 case, the plaintiff in *Held* had filed a complaint alleging nonmalignant disease, and then disclosed the subsequent diagnosis of a malignant disease during discovery. Judge Robreno ruled the plaintiff in *Held* could not proceed with the malignant claim because the complaint had not been amended to specifically allege the malignant disease. (Ex 7 at pp.12-13) Judge Robreno also ruled that such an amendment must have been made *before* motions for summary judgment had been filed. (Id.) Because the plaintiff in *Held* had not done so, and the statute of limitations for filing a claim for malignant disease had

---

[1] On June 29, 2012, plaintiff again disclosed Ahnert's diagnosis of mesothelioma to defendants via plaintiff's second supplemental responses to standard interrogatories. (Ex. 2 at ¶3). On August 13, 2012, plaintiff filed a report prepared by her medical causation expert, Dr. Steven Haber, which specifically references Ahnert's mesothelioma diagnosis. (Ex. 3) On September 20, 2012, defendant Cleaver Brooks filed a report prepared by its medical expert stating, in relevant part, that Ahnert's "death was attributed to malignant mesothelioma due to asbestosis." (Ex 4 at p.2) On September 28, 2012, defendant Miller Brewing Company filed a report prepared by its medical expert stating, in relevant part, that "the records indicate that this case involves a claim of left sided malignant pleural mesothelioma." (Ex 5 at p. 1)

[2] The MDL 875 case was part of a group of MDL 875 cases designated "CVLO-3." By order of Judge Robreno, motions for summary judgment in all CVLO-3 case were due on October 8, 2012. (Ex. 6)

2

expired, Judge Robreno ruled that the malignant disease claim was barred.[3]

* July 22, 2013: Judge Robreno issued a rule to show cause order that denied all pending motions without prejudice in all CVLO cases (including all motions for summary judgment that had been filed in Ahnert's MDL 875 case) and issued a scheduling order for a second round of motions for summary judgment. (Ex 8)

* December 3, 2013: O-I filed a second motion for summary judgment in Ahnert's MDL 875 case.

* December 30, 2013: Beverly Ahnert, individually and as special administrator of the estate of Daniel Ahnert, filed the instant lawsuit in the Eastern District of Wisconsin against O-I and other defendants alleging Daniel Ahnert's mesothelioma diagnosis (the "E.D. Wis. case"). The E.D. Wis. case was filed within the 3-year statute of limitations period from the date Daniel Ahnert was diagnosed with mesothelioma (January 4, 2011).

* December 31, 2013: Plaintiff and O-I enter into a stipulation to voluntarily dismiss O-I from the MDL 875 case. The stipulation dismissed only the nonmalignant claims "as alleged" in the complaint in the MDL 875 case. The stipulation provided in relevant part: "Plaintiff and Defendant Owens Illinois, Inc.... stipulate and agree that Plaintiff's claims *as alleged* against Owens-Illinois, Inc. shall be dismissed with prejudice, each party to bear their own costs, and request that an order to this effect be entered without further notice." (Ex 9 [emphasis added].)

* January 2, 2014: Judge Robreno enters an order dismissing the plaintiff's MDL 875

---

[3] Plaintiff in the *Held* case appealed the June 19, 2013 order to the U.S. Court of Appeals for the Third Circuit. The appeal is unresolved and currently pending.

3

claims "as alleged" against O-I. The order stated, in relevant part: "upon Plaintiff's and Defendant Owens-Illinois, Inc.'s Stipulation to Dismiss, it is hereby ORDERED that Plaintiff's claims *as alleged* against Owens-Illinois, Inc. is dismissed with prejudice, each party to bear its own costs." (Ex 10 [emphasis added].)

ARGUMENT

At the hearing on June 3, 2014, this Court inquired why plaintiff's counsel had not amended the MDL 875 case to allege the mesothelioma diagnosis. Plaintiff initially believed there was no reason to amend the MDL 875 case based on: (1) plaintiff's disclosure of Daniel's mesothelioma diagnosis to the defendants in the MDL 875 case in March and June 2012; and (2) the ensuing discovery regarding Daniel's mesothelioma diagnosis. On June 19, 2013, when Judge Robreno issued the above referenced order in *Held*, plaintiff's counsel realized Judge Robreno was requiring amendments to specifically allege the new malignant diagnosis in cases transferred from Wisconsin. (Ex 7 at pp.12-13) In *Held*, Judge Robreno interpreted *Sopha v. Owens-Illinois, et. al.*, 230 Wis. 2d 212 (Wis. 1999) as requiring plaintiffs to file separate pleading allegations for malignant and non-malignant diseases. (Ex 7 at p.12) Although the scheduling order in *Held* did not specify a deadline for amending the pleadings, Judge Robreno found plaintiff's motion to amend the complaint was untimely because summary judgment motions had already been filed. Judge Robreno also found the statute of limitations for alleging the malignant claim in *Held* had expired (i.e., more than three years had passed from the date the plaintiff in *Held* had been diagnosed with a malignant disease and the date the plaintiff had moved to amend the complaint). (Ex 7 at pp.12-13)

4

By the time Judge Robreno issued his order in *Held*, summary judgment motions in Ahnert's MDL 875 case had already been filed. As in *Held*, no deadline for amending pleadings had been set in the scheduling order for Ahnert's MDL 875 case. Judge Robreno had plainly stated in *Held* that he would not permit a party to add a claim for mesothelioma once the summary judgment phase had begun. However, unlike the situation in *Held*, the statute of limitations for Ahnert's separate mesothelioma claim had not yet expired. Plaintiff's only recourse in the wake of *Held* was to file a new lawsuit in order to preserve the mesothelioma claim. Accordingly, plaintiff filed the instant case in the E.D. of Wisconsin.

Further, in order to insure that plaintiff's separate cause of action for mesothelioma was preserved, the stipulation dismissing O-I from the MDL 875 case only dismissed the "claims *as alleged* against Owens-Illinois, Inc." (Ex 8 [emphasis added]) Under the Wisconsin case law cited in plaintiff's response to O-I's motion to dismiss, the stipulation preserved plaintiff's claim for mesothelioma, which was never pled in the MDL 875 case. *See* plaintiff's prior response to O-I's motion to dismiss, at pp.5-6.

CONCLUSION

Plaintiff requests that defendant Owens-Illinois, Inc.'s motion to dismiss the amended complaint be denied, and for such other relief as this court finds just and appropriate.

Dated: June 11, 2014

/s/ Robert G. McCoy
Attorney for plaintiff

5

Case 2:13-cv-01456-CNC   Filed 06/12/14   Page 5 of 7   Document 58

Robert G. McCoy
Jin-Ho Chung
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
312.944.0600
bmccoy@cvlo.com

_____
**Certificate of Service**
_____

I hereby certify that on June 12, 2014, I caused the forgoing to be electronically filed with the United States District Court for the Eastern District of Wisconsin using the CM/ECF system which will automatically send all necessary notifications of this filing to CM/ECF participants in this case.

Dated: June 12, 2014

/s/ *Robert G. McCoy*

Attorney for plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607
312.944.0600
bmccoy@cvlo.com