UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY AHNERT
Individually and as Executrix of the
Estate of Daniel Ahnert, Deceased,

      Plaintiff,

      v.                                  Case No. 13-C-1456

BRAND INSULATION INC.,
BUILDING SERVICES INDUSTRIAL SUPPLY INC.,
CBS CORPORATION,
EMPLOYERS INSURANCE COMPANY OF WAUSAU,
FOSTER WHEELER LLC,
GENERAL ELECTRIC COMPANY,
L & S INSULATION COMPANY INC.,
OWENS-ILLINOIS INC.,
PABST BREWING COMPANY,
SPRINKMANN SONS CORPORATION,
WISCONSIN ELECTRIC POWER COMPANY,
MERCO-THERMOTEC INC.,

      Defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATING TO COURT'S
ORDER GRANTING DEFENDANT OWENS-ILLINOIS'S MOTION TO DISMISS

On June 17, 2014, this court conducted a telephonic conference and granted defendant Owens-Illinois, Inc.'s motion to dismiss. At the end of the hearing, the court instructed counsel for defendant Owens-Illinois, to prepare the proposed findings of fact and conclusions of law for plaintiff's review. Having reviewed the parties' submissions and based upon the reasoning set forth on the record, the following constitutes the court's findings of fact and conclusions of law.

In 2010, Plaintiff, Beverly Ahnert, and her husband, Daniel Ahnert, filed a lawsuit (the "2010 lawsuit") against Owens-Illinois alleging: (1) Ahnert was diagnosed with a

non-malignant asbestos-related diseased called asbestosis; (2) Ahnert was exposed to asbestos from an Owens-Illinois product; (3) all alleged exposures to asbestos that Ahnert received contributed to his asbestosis; and (4) the alleged exposure to asbestos from an Owens-Illinois product was a cause of Ahnert's asbestosis. (Pls.' Compl. at ¶¶ 25, 27, 30, ECF No. 14-1 at Ex. A; Pl.'s Resp. Br. at 1, ECF No. 37; Pl.'s Suppl. Br. at 1, ECF No. 58.) On January 4, 2011, while the 2010 lawsuit was pending, Ahnert was diagnosed with a type of cancer called mesothelioma. (Pl.'s Compl. at ¶ 23, ECF No. 1; Pl.'s Resp. Br. at 1, ECF No. 37; Pl.'s Suppl. Br. at 1, ECF No. 58; Hr'g Tr. 29:4-20, ECF No. 59.) Six days later, on January 10, 2011, Beverly and Daniel Ahnert filed a separate lawsuit (the "2011 lawsuit") in the Milwaukee County Circuit Court alleging that the mesothelioma was caused by exposure to asbestos and that all exposures to asbestos that Daniel received contributed to and caused the disease. (Pls.' Compl. at ¶¶ 25, 27, 30, ECF No. 14-1 at Ex. C; Pl.'s Resp. Br. at 1, ECF No. 37; Hr'g 64:8-12, ECF No. 60.)

In March of 2011, Beverly and Daniel Ahnert supplemented their discovery responses in the 2010 lawsuit to disclose Ahnert's mesothelioma diagnosis. (Pl.'s Suppl. Br. at 1-2, ECF No. 58; Hr'g Tr. 65:1-14, ECF No. 60.) Beverly Ahnert also made disclosures of the mesothelioma diagnosis in June and August of 2012. (Pl.'s Suppl. Br. at 2 n.1, ECF No. 58.) Discovery was conducted and certain expert reports were prepared in the 2010 lawsuit based on the diagnosis of mesothelioma. (*Id*.; Hr'g 60:5-8, ECF No. 60.) Daniel Ahnert died on July 7, 2011. (Pl.'s Compl. at ¶ 2, ECF No. 1; Pl.'s Resp. Br. at 1, ECF No. 37.)

In September 2012, Beverly Ahnert was substituted in the 2010 lawsuit as the plaintiff on behalf of the estate of Daniel Ahnert, and the complaint in the 2010 lawsuit was

2

amended with the court's leave. (Order at 1, ECF No. 14-1 at Ex. D.) Beverly Ahnert intended to proceed on the mesothelioma allegations in the 2010 lawsuit but did not amend her complaint because she did not believe it was necessary. (See Hr'g Tr. 35:14-21, ECF No. 59; Hr'g Tr. 65:1-14, 68:12-69:3, ECF No. 60.)

The court entered a case management and scheduling order in the 2010 lawsuit that required any dispositive motions to be filed by October 8, 2012. (Pl.'s Suppl. Br. at Ex. 6, ECF No. 58-6.) Beverly Ahnert and Owens-Illinois agree that some defendants, including Owens-Illinois, timely filed motions for summary judgment. (See Pl.'s Suppl. Br. at 2, ECF No. 58; Hr'g Tr. 57:4-18, 59:5-18, ECF No. 60.)

In July 2013, the court issued a rule to show cause in MDL 875, which included the 2010 lawsuit, why pending motions should not be denied without prejudice and new scheduling orders and briefing schedules entered. (See Pl.'s Suppl. Br. at Ex. 8, ECF No. 58-8.) Beverly Ahnert and Owens-Illinois agree that the court thereafter denied Owens-Illinois's first motion for summary judgment and entered a renewed scheduling order. (See Pl.'s Suppl. Br. at 3, ECF No. 58; Pl.'s Resp. Br. at Ex. 5, ECF No. 37-6; Hr'g Tr. 59:5-18, ECF No. 60.)

In December 2013, Owens-Illinois timely filed a second motion for summary judgment in the 2010 lawsuit claiming, among other things, there was no evidence that Ahnert was exposed to asbestos from an Owens-Illinois product. (Def.'s Mot. Summ. J. at 1-8, 12-16, ECF No. 37-6; Pl.'s Suppl. Br. at 2-3, ECF No. 58.) Instead of responding to Owens-Illinois's second motion for summary judgment, Ahnert stipulated to dismissal of the 2010 lawsuit with prejudice pursuant to Owens-Illinois's second motion for summary judgment and Federal Rule of Civil Procedure 41(a). That stipulation provided, "Plaintiff

3

and Defendant Owens-Illinois, Inc., pursuant to Federal Rule of Civil Procedure 41(a) and Owens-Illinois, Inc.'s Second Motion for Summary Judgment (ECF No. 382), stipulate and agree that Plaintiff's claims as alleged against Owens-Illinois, Inc. shall be dismissed with prejudice, each party to bear its own costs, and request that an order to this effect be entered without further notice." (Stipulation to Dismiss at 1, ECF No. 14-1 at Ex. E; Pl.'s Resp. Br. at 2, ECF No. 37; Pl.'s Suppl. Br. at 3, ECF No. 58.) And, pursuant to this stipulation, the United States District Court for the Eastern District of Pennsylvania (MDL 875) dismissed Plaintiff's claims against Owens-Illinois in the 2010 lawsuit with prejudice on January 2, 2014. (Order at 1, ECF No. 14-1 at Ex. E; Pl.'s Resp. Br. at 2, ECF No. 37; Pl.'s Suppl. Br. at 3, ECF No. 58.)

Notwithstanding the stipulation to dismiss filed on December 30, 2013, Beverly Ahnert filed a second lawsuit (the "2013 lawsuit") against Owens-Illinois alleging that: (1) Daniel Ahnert suffered from asbestos-related diseases including, without limitation, malignant mesothelioma diagnosed on January 4, 2011, and non-malignant asbestos conditions including, without limitation, asbestosis; (2) he was exposed to asbestos from an Owens-Illinois product; and (3) all exposure to asbestos that he received contributed to and caused his asbestos-related conditions. (Pl.'s Compl. at ¶¶ 21, 23, 25, ECF No. 1.) Owens-Illinois timely filed a motion to dismiss on the basis that the dismissal of the 2010 lawsuit with prejudice bars plaintiff's claims in this 2013 lawsuit. (Def.'s Mot. Dismiss at 2-3, 4-7, ECF No. 14.)

Owens-Illinois filed its motion pursuant to Rule 12(b)(6). Because claim preclusion is an affirmative defense, the proper procedure is to raise the defense and move for judgment on the pleadings pursuant to Rule 12© of the Federal Rules of Civil Procedure.

4

*Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). Nevertheless, the error is of little consequence here and the court may convert the Rule 12(b)(6) motion into a motion for judgment on the pleadings. *See id.; Omega Healthcare Investors, Inc. v. Res-Care, Inc.*, 475 F.3d 853, 856 n.3 (7th Cir. 2007); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 182 (7th Cir. 1986). Additionally, district courts may take judicial notice of documents that are part of the public record, including pleadings, orders, and transcripts from prior proceedings. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013); *Ennenga v. Starns*, 677 F.3d 766, 773-74 (7th Cir. 2012).

The doctrine of res judicata, or claim preclusion, bars claims that were asserted or could have been asserted in a prior action. *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). The doctrine requires a party to join in a single lawsuit all legal and remedial theories that concern the same nucleus of operative facts. *See Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211,* 486 F.3d 279, 283 (7th Cir. 2007). It "protects [litigants] from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54, 99 S. Ct. 970, 59 L. Ed.2d 210 (1979).

Wisconsin law requires the presence of three elements to apply claim preclusion: (1) an "identity between the parties or their privies in the prior and present suits;" (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction;" and (3) an "identity of the causes of action in the two suits." *Sopha v. Owens–Corning Fiberglass Corp.*, 230 Wis.2d 212, 601 N.W.2d 627, 637 (Wis.1999). The burden to prove

5

these elements listed above is upon the party asserting that claim preclusion applies. *Pasko v. City of Milwaukee*, 252 Wis. 2d 1, 643 N.W.2d 72, 78 (Wis. 2002). In addition to these elements, claim preclusion may also operate to bar a litigant from asserting claims in a subsequent action that the defendant failed to assert in the previous action. *See A.B.C.G. Enterprises, Inc. v. First Bank Southwest*, 184 Wis.2d 465, 515 N.W.2d 904 (Wis.1994).

There is no dispute that the claims at issue involve the same parties. Beverly Ahnert was the plaintiff in the Eastern District of Pennsylvania and filed the complaint in this court. Next, the order dismissing Owens-Illinois with prejudice in the Eastern District of Pennsylvania is a final judgment on the merits of the claims "as alleged." The 2010 lawsuit contends that (1) Daniel Ahnert was diagnosed with asbestosis; (2) he was exposed to asbestos from an Owens-Illinois product; and (3) the exposure to asbestos from an Owens-Illinois product was a cause of Daniel Ahnert's disease. Further, the 2010 lawsuit alleged state law claims of products liability negligence, products liability unreasonably dangerous product, and civil conspiracy.

In this 2013 lawsuit, the complaint asserts that (1) Daniel Ahnert suffered from asbestos-related diseases including, without limitation, malignant mesothelioma diagnosed on January 4, 2011, and non malignant asbestos conditions including, without limitation, asbestosis; (2) he was exposed to asbestos from an Owens-Illinois product; and (3) exposure to asbestos from an Owens-Illinois product was a cause of his asbestos-related conditions. Specifically, the pending complaint alleges that the "asbestos disease process and injury began before April, 1994," and that "all exposures to asbestos that decedent received contributed to and caused the decedent's asbestos related conditions." (Doc. 1

6

at ¶¶ 23-25.) Ultimately, Beverly Ahnert alleges the same products liability - negligence and unreasonably dangerous products claims as she did in the first lawsuit.

After reviewing the records from the prior litigation, the documents on file, and the arguments of counsel, the court finds that Beverly Ahnert had an adequate opportunity for a full and fair adjudication in the 2010 lawsuit. Owens-Illinois filed a second summary judgment motion in the 2010 lawsuit based on Ahnert's failure to produce any exposure to asbestos by Owens-Illinois. In response, she stipulated to the dismissal of Owens-Illinois.

In ruling on the motion, the court has carefully considered the arguments of Beverly Ahnert that, under Wisconsin law, a final judgment on a non-malignant claim for exposure to asbestos does not bar a later malignant claim. In S*opha*, 230 Wis. 2d at 233, the plaintiff filed a non-malignant claim for asbestosis in 1987 and that case resolved by final judgment. Ten years later the same individual was diagnosed with mesothelioma and filed a new case. The Wisconsin Supreme Court refused to bar the second case finding that the diagnosis of a malignant asbestos-related condition creates a new cause of action and the statute of limitations governing the malignant asbestos-related condition begins when the plaintiff discovers the malignant condition. *Id.,* 230 Wis. 2d at 244.

In deciding *Sopha*, the Wisconsin Supreme Court weighed the single cause of action rule, the discovery rule, and a third rule that declares that recovery for damages may be had for "reasonably certain injurious consequences of the tortfeasor's negligent conduct, not just merely possible injurious consequences." *Id.,* 230 Wis. 2d at 226. The court noted that these three rules are not ironclad and that the question of what constitutes

a cause of action and the concept of a statute of limitation is basically a question of public policy. *Id.,* 230 Wis. 2d at 227. Recognizing that the objectives of the single cause of action rule are finality and judicial economy, the Wisconsin Supreme Court reasoned that allowing a separate cause of action for an asbestos-related malignancy if and when it occurs promotes judicial economy. *Id*., 230 Wis. 2d at 229.

The Wisconsin Supreme Court invoked public policy similarly when deciding that the mesothelioma claim was a special circumstance in which claim preclusion should not apply*. Id.,* 230 Wis. 2d at 237. Citing Seventh Circuit authority, it acknowledged that there are rare – but admitted exceptions – to res judicata that override the policy reasons for ensuring the finality of judgments*. Id.*, 230 Wis. 2d at 236 (citing *Patzer v. Board of Regents*, 763 F.2d 851, 856 (7th Cir. 1985)). Indeed, if applied in *Sopha*, claim preclusion would force claimants to choose between pursuing damages related to the non-malignant asbestos-related injuries or waiting for malignant injuries that may never occur. *Id.,* 230 Wis. 2d at 237. At the same time, the Wisconsin Supreme Court acknowledged "the important values inherent in the doctrine of claim preclusion" and carefully carved out a narrow exception to that doctrine. *Id.*

The difference between this case and *Sopha* is that Beverly Ahnert knew her husband had been diagnosed with mesothelioma before she filed the stipulation of dismissal in the Eastern District of Pennsylvania. Daniel Ahnert died before Beverly Ahnert dismissed Owens-Illinois. Unlike the plaintiff's diagnosis ten years after the dismissal on the merits in *Sopha*, Beverly Ahnert could have amended her complaint at any time to allege these facts and did amend the complaint to substitute herself as a plaintiff. Beverly

8

Ahnert concedes that Daniel Ahnert was diagnosed with mesothelioma nearly three years *before* she dismissed her claims against Owens-Illinois with prejudice. Significantly, Beverly and Daniel Ahnert filed the second, mesothelioma lawsuit in Milwaukee County Circuit Court but never named Owens-Illinois as a defendant. Furthermore, to date, Beverly Ahnert has brought three lawsuits based on Daniel Ahnert's asbestos exposure.

In the final analysis, the underlying policies weigh in favor of claim preclusion. The purpose of claim preclusion "provides an effective and useful means to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.*, 230 Wis. 2d at 235 (quoting *Allen v. McCurry*, 449 U.S. 90 (1980)). The single cause of action rule seeks to deter multiple lawsuits out of the same incident, and neither the discovery or accrual rules create an exceptional circumstance in this case. Beverly Ahnert knew of the diagnosis for three years before dismissing Owens-Illinois from the Eastern District of Pennsylvania case. She amended the complaint to add her name as a plaintiff but chose not to add the mesothelioma claim until after discovery had closed and summary judgment motions were being decided. Hence, Owens-Illinois should not be forced to defend against another action, particularly where the same plaintiff was unable to produce evidence on the issue of asbestos exposure that she needs to proceed in this current litigation.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE