IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BEVERLY AHNERT, individually and as Executrix of the Estate of DANIEL AHNERT, Deceased, | Case No. 2:13-CV-1456-CNC<br><br>Hon. Charles N. Clevert, Jr. |
| Plaintiff, | |
| v. | |
| BRAND INSULATONS INC., *et al.*, | |
| Defendants. | |

| | |
|---|---|
| BEVERLY AHNERT, individually and as Executrix of the Estate of DANIEL AHNERT, Deceased, | Case No. 2:10-CV-156-RTR (Remanded from E.D. Pa. Case No. 10-CV-67443) |
| Plaintiff, | Hon. Rudolph T. Randa |
| v. | |
| CBS CORPORATION, *et al.*, | |
| Defendants. | |

### GENERAL ELECTRIC COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFF'S RULE 42(a) MOTION TO CONSOLIDATE

Defendant General Electric Company ("GE"), by its attorneys, Gierke Frank LLC, submits this brief in Brief in Opposition to Plaintiff's Rule 42(a) Motion to Consolidate the above cases.

### BACKGROUND

Plaintiff's motion seeks to consolidate the above two actions, one filed in 2010 based on decedent Daniel Ahnert's alleged diagnosis of non-malignant asbestosis ("2010

Lawsuit") and the other filed in 2013 based on Mr. Ahnert's alleged diagnosis of malignant mesothelioma ( "2013 Lawsuit"). (ECF #88, Plt.'s Mot. ¶¶ 1-2.)

GE was dismissed with prejudice from the 2010 Lawsuit because the Plaintiff did not oppose GE's motion for summary judgment and the Court granted the motion dismissing GE from the 2010 Lawsuit with prejudice. (*See* Ex. A, MDL ECF #300, Judge Robreno's 12/19/2012 Order Granting GE's motion for summary judgment.)

Several years after that dismissal and after Mr. Ahnert's death, Plaintiff attempted to amend her complaint in the 2010 Lawsuit to add wrongful death survival claims related to Mr. Ahnert's July 7, 2011 death from malignant mesothelioma and asbestosis. But, the MDL Court denied Plaintiff's motion as untimely. (Exs. B and C, MDL ECF ## 403 and 406, Plt's Mot. to Amend and Judge Robreno's 5/22/14 Order denying the motion as untimely.)

Plaintiff also filed claims related to the malignant mesothelioma in a 2013 Lawsuit on December 30, 2013, naming GE as a defendant. GE has moved for judgment on the pleadings in the 2013 Lawsuit and has requested that this Court dismiss Plaintiff's Complaint against it, based on the December 19, 2012 dismissal and the doctrine of claim preclusion/*res judicata*. (2013 Lawsuit ECF #80.) Another defendant in the 2013 Lawsuit, CBS, has filed a similar motion for judgment on the pleadings. (2013 Lawstui ECF #87.) This Court earlier granted another similar motion in favor of Owens-Illinois. (2013 Lawsuit ECF #66.)

## ARGUMENT

Fed. R. Civ. P. 42(a) states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary

cost or delay." District courts have broad discretion in determining whether to consolidate cases. *King v. General Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992); *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). Trials should not be consolidated "where the issues affecting various defendants are certain to lead to confusion or prejudice to any one or all of the defendants." *Knauer*, 149 F.2d at 520. Further, the district court does not abuse its discretion in declining to consolidate cases, even though there exist similarities between the two cases. *See Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660 (7th Cir. 2009) (holding that cases were properly kept separate where plaintiffs were identical, other actors were the same, the amount of recovery sought was the same, and the allegations were largely the same).

In determining whether to consolidate cases, district courts consider "judicial economy, avoiding delay, and avoiding inconsistent or conflicting results." *Habitat Educ. Center, Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Further, district courts consider factors that weigh against consolidation, including "possibility of juror confusion," "administrative difficulties," such as complicated briefs and filings, and the relative procedural posture of the cases. *Id.*; *see also Prudential Ins. Co. of America v. Marine Nat. Exchange Bank*, 55 F.R.D. 436 (denying a motion to consolidate where there were common questions of law, the actions were at substantially different stages of preparation); 9A Charles A. Miller & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. 2008) ("[T]he district court may deny consolidation when one of the actions has proceeded further in the discovery process than the other.").

Here, the relevant factors weigh against consolidation. While there are some common questions of law and fact in both the 2010 Lawsuit and the 2013 Lawsuit, as Plaintiff points out (2013 Lawsuit ECF #88 and 2010 Lawsuit #35, Plt.'s Mot. ¶¶ 2, 3, 4),

3

the claims, defendants and procedural postures of the two cases are different. While discovery has not yet concluded in the 2013 Lawsuit (ECF #61), motions for summary judgment have already been ruled upon in the 2010 Lawsuit, as discussed above. Also, to consolidate two lawsuits in which some of the parties, among them GE and CBS, were dismissed with prejudice from one of the lawsuits would undoubtedly result in confusion and undue prejudice to those parties.

Specifically, there can be no dispute that claims against GE related to the nonmalignant disease are barred by the December 19, 2012 order dismissing those claims with prejudice. Further, as GE has argued in its motion for judgment on the pleadings, any claims related to GE in the 2013 Lawsuit are barred by claim preclusion. Consolidation of the 2010 Lawsuit and the 2013 Lawsuit at this time would, in effect, negate Judge Robreno's order granting GE's motion for summary judgment in the 2010 Lawsuit. GE would be forced to defend against and could, through potential jury confusion, be held liable for claims disposed of by GE's dismissal from the 2010 lawsuit.

Consolidation would similarly negate Judge Robreno's order denying Plaintiff's motion to amend the complaint in the 2010 Lawsuit to add survival and wrongful death claims. (See Exs. B and C, MDL ECF #403 and #406.) That motion was denied because "discovery has closed and summary judgment motions have been briefed," and because Plaintiff could have added these claims to her complaint up to three years earlier. (*Id.* at p. 2.)

Plaintiff's motion to consolidate appears to be an attempt to circumvent both of the above orders, and accomplish indirectly what she was not permitted to do by the MDL Court. It also appears Plaintiff's motion may be an attempt to avoid Judge Clevert's ruling granting Owens-Illinois' motion to dismiss in the 2013 Lawsuit, ECF #66, and to

4

avoid a similar ruling from being made as to other, similarly situated defendants, such as GE and CBS. Plaintiff's Motion to Consolidate should, therefore, be denied. Alternatively, GE requests that the Court not rule upon Plaintiff's Motion to Consolidate until after Judge Clevert has ruled on GE's Motion for Judgment on the Pleadings (ECF #80), in which briefing will complete as of this filing.

## CONCLUSION

For these reasons, Defendant GE respectfully requests that Plaintiff's Motion to Consolidate be denied or, alternatively, that the Court not rule upon Plaintiff's motion until GE's earlier-filed Motion for Judgment on the Pleadings is ruled upon, along with any and all additional relief this Court sees fit to grant at this time.

Dated this 22nd day of December, 2014.

**GIERKE FRANK LLC**

s/ Nora E. Gierke
Nora E. Gierke
State Bar No. 1033618
ngierke@gierkefrank.com
7604 Harwood Avenue, Suite 203
Wauwatosa, WI 53213
P: 414.395.4600
F: 414.921.4108
**Attorneys for Defendant**
**General Electric Company**