# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| AHNERT | : : | |
| v. | : : | |
| VARIOUS DEFENDANTS | : | E.D. Pa. Case No. 10-67443 |

**FILED**
MAY 22 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### O R D E R

**AND NOW**, this **21st** day of **May, 2014**, it is hereby

**ORDERED** that Plaintiff's Motion to Amend (ECF No. 403) is

**DENIED**.[1]

---

[1]   Amendments to pleadings are governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. Rule 15 permits parties to amend their pleadings only once as a matter of course, within 21 days after service of the initial complaint or the filing of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). All further amendments require the leave of the court which it should "freely give . . . when justice so requires." Id. R. 15(a)(2). If, however, a motion to amend is filed after the Court ordered deadline for amendments has passed, the moving party must demonstrate good cause for the amendment. Id. R. 16(b)(4). "Good cause" under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. See Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

   Here, Plaintiff moves to amend her complaint to "allege claims for survival of the claim of Daniel Ahnert's estate and wrongful death." Importantly, discovery has closed and summary judgment motions have been briefed. Plaintiff's decedent died on July 7, 2011. Plaintiff had almost three years to move to amend her complaint to add such new causes of action at any time prior to the briefing of summary judgment motions. Moreover, Plaintiff has not even attempted to demonstrate or cite to any legal

AND IT IS SO ORDERED.

_____
EDUARDO C. ROBRENO, J.

---

authority why good cause now exists to amend her complaint, or why "justice so requires" this Court to permit her to do so. See Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiff's motion to amend is denied.