UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY AHNERT
Individually and as Executrix of the
Estate of Daniel Ahnert, Deceased,

Plaintiff,

v.                                                                  Case No.  13-C-1456

BRAND INSULATION INC.,
BUILDING SERVICES INDUSTRIAL SUPPLY INC.,
CBS CORPORATION,
EMPLOYERS INSURANCE COMPANY OF WAUSAU,
FOSTER WHEELER LLC,
GENERAL ELECTRIC COMPANY,
L & S INSULATION COMPANY INC.,
PABST BREWING COMPANY,
SPRINKMANN SONS CORPORATION,
WISCONSIN ELECTRIC POWER COMPANY,
MERCO-THERMOTEC INC.,

Defendants.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SURREPLY (DOC. 108), GRANTING DEFENDANT CBS
CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 87),
AND GRANTING DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION
FOR JUDGMENT ON THE PLEADINGS (DOC. 101)

On November 26, 2014, CBS Corporation filed a motion for judgment on the

pleadings arguing that plaintiff's claims are barred on the ground of claim preclusion and

res judicata.  General Electric filed a similar motion on December 22, 2014.  Both parties

cite the court's August 29, 2014, findings of fact and conclusions of law respecting

defendant Owens-Illinois's motion to dismiss.  Briefly, plaintiff Beverly Ahnert and her

husband sued these defendants in 2010 alleging that Daniel Ahnert developed asbestiosis

from exposure to the defendants' asbestos containing products.  After Daniel Ahnert was

diagnosed and died from mesothelioma, Beverly Ahnert did not oppose the movant's respective motions for summary judgment and stipulated to their dismissal. Hence, CBS and General Electric were dismissed from the earlier action with prejudice. It follows Beverly Ahnert's attempt to sue these same defendants again must fail inasmuch as the pending claims are barred by the doctrine of claim preclusion.

In 2010, plaintiff, Beverly Ahnert, and her husband, Daniel Ahnert, filed a lawsuit (the "2010 lawsuit") in the Eastern District of Wisconsin, and that case was transferred to the MDL in the Eastern District of Pennsylvania. The complaint alleged that Daniel Ahnert was exposed to asbestos manufactured by various defendants, including General Electric and Westinghouse Electric Corporation for whom CBS Corporation ("CBS") was responsible. (ECF 14-1, Ex. A, Pl's Compl. in the 2010 Lawsuit.) Specifically, the Ahnerts alleged that: (1) Ahnert was diagnosed with a non-malignant asbestos-related disease called asbestosis; (2) Ahnert was exposed to asbestos from General Electric and CBS products; (3) all alleged exposures to asbestos that Ahnert received contributed to his asbestosis; and (4) the alleged exposure to asbestos from these defendants was a cause of Ahnert's asbestosis. (ECF 66 at 2, Pls.' Compl. at ¶¶ 25, 27, 30, ECF No. 14-1 at Ex. A; Pl.'s Resp. Br. at 1, ECF No. 37; Pl.'s Suppl. Br. at 1, ECF No. 58.)

On January 4, 2011, while the 2010 lawsuit was pending, Ahnert was diagnosed with a type of cancer called mesothelioma. (Pl.'s Compl. at ¶ 23, ECF No. 1; Pl.'s Resp. Br. at 1, ECF No. 37; Pl.'s Suppl. Br. at 1, ECF No. 58; Hr'g Tr. 29:4-20, ECF No. 59.) Six days later, on January 10, 2011, Beverly and Daniel Ahnert filed a separate lawsuit (the "2011 lawsuit") in the Milwaukee County Circuit Court alleging that the mesothelioma was caused by exposure to asbestos and that all exposures to asbestos that Daniel received

2

contributed to and caused the disease. (Pls.' Compl. at ¶¶ 25, 27, 30, ECF No. 14-1 at Ex. C; Pl.'s Resp. Br. at 1, ECF No. 37; Hr'g 64:8-12, ECF No. 60.)

In March of 2011, Beverly and Daniel Ahnert supplemented their discovery responses in the 2010 lawsuit to disclose Ahnert's mesothelioma diagnosis. (Pl.'s Suppl. Br. at 1-2, ECF No. 58; Hr'g Tr. 65:1-14, ECF No. 60.) Beverly Ahnert also made disclosures of the mesothelioma diagnosis in June and August of 2012. (Pl.'s Suppl. Br. at 2 n.1, ECF No. 58.) Discovery was conducted and certain expert reports were prepared in the 2010 lawsuit based on the diagnosis of mesothelioma. (*Id*.; Hr'g 60:5-8, ECF No. 60.) Daniel Ahnert died on July 7, 2011. (Pl.'s Compl. at ¶ 2, ECF No. 1; Pl.'s Resp. Br. at 1, ECF No. 37.)

In September 2012, Beverly Ahnert was substituted in the 2010 lawsuit as the plaintiff on behalf of the estate of Daniel Ahnert, and the complaint in the 2010 lawsuit was amended with the court's leave. (Order at 1, ECF No. 14-1 at Ex. D.) Beverly Ahnert intended to proceed on the mesothelioma allegations in the 2010 lawsuit but did not amend her complaint because she did not believe it was necessary. (See Hr'g Tr. 35:14-21, ECF No. 59; Hr'g Tr. 65:1-14, 68:12-69:3, ECF No. 60.)

GE and CBS timely filed their motions for summary judgment in the 2010 lawsuit arguing, among other things, that there was no evidence that Daniel Ahnert was exposed to asbestos from their products. (ECF 87, Ex. D; ECF 80, Ex. 4.) Beverly Ahnert did not respond to the motion for summary judgment, and the judge entered the following order with respect CBS:

> Plaintiff, Daniel Ahnert, through his attorneys, and Defendant CBS Corporation, a Delaware Corporation, f/k/a/ Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "CBS/Westinghouse"), through its attorneys, hereby stipulate and agree that defendant CBS/Westinghouse's Motion for Summary Judgment is unopposed by Plaintiff, that an Order granting that Motion for Summary Judgment may be entered, and that CBS/Westinghouse may be dismissed from this action with prejudice, and without costs to any party.

(ECF 87, Ex. A.) A similar order was entered for General Electric; however, a footnote in the December 18, 2012, order explained as follows:

> **The basis for Defendants' motions is that there is no genuine dispute as to the material fact of whether Plaintiffs' asbestos-related injuries were caused by products manufactured, supplied, or distributed by these Defendants**. See Fed. R. Civ. P. 56(a). Based on the uncontested evidence presented by Defendants, the Court concludes that these Defendants are entitled to judgment as a matter of law.

(ECF 80-1, emphasis added.)

Notwithstanding the above language, Beverly Ahnert filed a second lawsuit on December 30, 2013, against General Electric and CBS alleging that: (1) Daniel Ahnert suffered from asbestos-related diseases including, without limitation, malignant mesothelioma diagnosed on January 4, 2011, and non-malignant asbestos conditions including, without limitation, asbestosis; (2) he was exposed to asbestos from the defendants' products; and (3) all exposure to asbestos that he received contributed to and caused his asbestos-related conditions. (Pl.'s Compl. at ¶¶ 21, 23, 25, ECF No. 1.) Ahnert returned to the Eastern District of Pennsylvania and attempted to amend her complaint on May 2, 2014, to include an asbestiosis claim. That motion was denied.

The doctrine of res judicata, or claim preclusion, bars claims that were asserted or could have been asserted in a prior action. *Palka v. City of Chicago*, 662 F.3d 428, 437

(7th Cir. 2011). The doctrine requires a party to join in a single lawsuit all legal and remedial theories that concern the same nucleus of operative facts. *See Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211,* 486 F.3d 279, 283 (7th Cir. 2007). It "protects [litigants] from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54, 99 S. Ct. 970, 59 L. Ed.2d 210 (1979).

Wisconsin law requires the presence of three elements to apply claim preclusion: (1) an "identity between the parties or their privies in the prior and present suits;" (2) that the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction;" and (3) an "identity of the causes of action in the two suits." *Sopha v. Owens–Corning Fiberglass Corp.*, 230 Wis.2d 212, 601 N.W.2d 627, 637 (Wis.1999). The burden to prove these elements listed above is upon the party asserting that claim preclusion applies. *Pasko v. City of Milwaukee*, 252 Wis. 2d 1, 643 N.W.2d 72, 78 (Wis. 2002). In addition to these elements, claim preclusion may operate to bar a litigant from asserting claims in a subsequent action that the defendant failed to assert in the previous action. *See A.B.C.G. Enterprises, Inc. v. First Bank Southwest*, 184 Wis.2d 465, 515 N.W.2d 904 (Wis.1994).

There is no dispute that the claims at issue involve the same parties. Beverly Ahnert was the plaintiff in the Eastern District of Pennsylvania and filed the complaint in this court. Next, the order dismissing the defendants with prejudice in the Eastern District of Pennsylvania is a final judgment on the merits. The 2010 lawsuit contends that (1) Daniel Ahnert was diagnosed with an asbestos-related injury; (2) he was exposed to

5

asbestos from a product for which defendants were responsible; and (3) the exposure to asbestos from the product was a cause of Daniel Ahnert's disease. Further, the 2010 lawsuit alleged state law claims of products liability negligence, and products liability unreasonably dangerous product claims.

In this 2013 lawsuit, the complaint asserts that (1) Daniel Ahnert suffered from asbestos-related diseases including, without limitation, malignant mesothelioma diagnosed on January 4, 2011, and non malignant asbestos conditions including, without limitation, asbestosis; (2) he was exposed to asbestos from General Electric and CBS products; and (3) exposure to asbestos these products was a cause of his asbestos-related conditions. Specifically, the pending complaint alleges that the "asbestos disease process and injury began before April, 1994," and that "all exposures to asbestos that decedent received contributed to and caused the decedent's asbestos related conditions." (Doc. 1 at ¶¶ 23-25.) Ultimately, Beverly Ahnert alleges the same products liability - negligence and unreasonably dangerous products claims as she did in the first lawsuit.

After reviewing the records from the prior litigation, including the reasons underlying the dismissal of defendant Owens-Illinois, as well as the arguments respecting the pending motions, the court is satisfied that Beverly Ahnert had an adequate opportunity for a full and fair adjudication in the 2010 lawsuit. General Electric and CBS filed summary judgment motions in the MDL on the ground that Beverly Ahnert lacked sufficient evidence that their products caused Daniel Ahnert's asbestos-related injury. The judge granted the motions as unopposed.

In so ruling, this court has carefully considered the arguments of Beverly Ahnert that, under Wisconsin law, a final judgment on a non-malignant claim for exposure to

asbestos does not bar a later malignant claim.  In S*opha*, 230 Wis. 2d at 233, the plaintiff

filed a non-malignant claim for asbestosis in 1987 and that case resolved by final

judgment.  Ten years later the same individual was diagnosed with mesothelioma and filed

a new case.  The Wisconsin Supreme Court refused to bar the second case finding that

the diagnosis of a malignant asbestos-related condition creates a new cause of action and

the statute of limitations governing the malignant asbestos-related condition begins when

the plaintiff discovers the malignant condition.   *Id.,* 230 Wis. 2d at 244.

In deciding *Sopha*, the Wisconsin Supreme Court weighed the single cause of

action rule, the discovery rule, and a third rule that declares that recovery for damages may

be had for "reasonably certain injurious consequences of the tortfeasor's negligent

conduct, not just merely possible injurious consequences." *Id.,* 230 Wis. 2d at 226.  The

court observed that these three rules are not ironclad and that the question of what

constitutes a cause of action and the concept of a statute of limitation is basically a

question of public policy.  *Id.,* 230 Wis. 2d at 227.  Recognizing that the objectives of the

single cause of action rule are finality and judicial economy, the Wisconsin Supreme Court

reasoned that allowing a separate cause of action for an asbestos-related malignancy if

and when it occurs promotes judicial economy.  *Id*., 230 Wis. 2d at 229.

The Wisconsin Supreme Court invoked public policy similarly when deciding that the

mesothelioma claim was a special circumstance in which claim preclusion should not

apply. *Id.*, 230 Wis. 2d at 237.  Citing Seventh Circuit authority, it acknowledged that there

are rare – but admitted exceptions – to res judicata that override the policy reasons for

ensuring the finality of judgments.  *Id.*, 230 Wis. 2d at 236 (citing *Patzer v. Board of*

*Regents*, 763 F.2d 851, 856 (7th Cir. 1985)).  Indeed, if applied in *Sopha*, claim preclusion would force claimants to choose between pursuing damages related to the non-malignant asbestos-related injuries or waiting for malignant injuries that may never occur.  *Id.,* 230 Wis. 2d at 237.  At the same time, the Wisconsin Supreme Court acknowledged "the important values inherent in the doctrine of claim preclusion" and carefully carved out a narrow exception to that doctrine.  *Id.*

The difference between this case and *Sopha* is that Beverly Ahnert knew her husband had been diagnosed with mesothelioma before she filed the stipulation of dismissal in the Eastern District of Pennsylvania.  Unlike the *Sopha* diagnosis ten years after the dismissal on the merits, Beverly Ahnert could have amended her complaint at any time to allege these facts.  To date, she has brought one state court and two federal lawsuits based on Daniel Ahnert's asbestos exposure.

Beverly Ahnert attempts to circumvent the prior dismissals by arguing that she has new evidence from the deposition of Charles Lewitzke, whom she deposed after these defendants were dismissed in Pennsylvania.  According to Ahnert, Lewitzke testified that these defendants had personnel on the jobsite.  Nevertheless, the existence of this testimony does not create an exception for preclusion.  Ahnert does not explain why no such testimony was available to her prior to the dismissal in Pennsylvania and the court is unaware of any authority that would allow a plaintiff to relitigate every time she located more evidence.

In the final analysis, the underlying policies weigh in favor of preclusion.  The purpose of claim preclusion "provides an effective and useful means to 'relieve parties of

8

the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.*, 230 Wis. 2d at 235 (quoting *Allen v. McCurry*, 449 U.S. 90 (1980)).  The single cause of action rule seeks to deter multiple lawsuits out of the same incident, and neither the discovery or accrual rules create an exceptional circumstance in this case.

Beverly Ahnert knew of Daniel's mesothelioma diagnosis on January 4, 2011, and Daniel died on July 7, 2012.  CBS and General Electric filed their summary judgment motions their summary judgment motions on October 8, 2012.  The unopposed motions were granted in December of 2012.  Beverly Ahnert could have asserted the malignancy claims in the Pennsylvania action before the court ruled that there was "no genuine issue of material fact of whether plaintiffs' asbestos-related injuries were caused by products manufactured, supplied, or distributed by these defendants."  Indeed, she amended the complaint to add her name as a plaintiff but chose not to add the mesothelioma claim until after discovery had closed and summary judgment motions were being decided.  Beverly Ahnert was aware of her husband's diagnosis, disclosed the diagnosis and provided reports, but chose not to oppose summary judgment.  That she now has the deposition testimony of Charles Lewitzke implicating General Electric and CBS and supporting her claims does not revive her claims.  Unlike criminal law where a defendant can continue to assert actual innocence, a civil litigant is not allowed to bring a new case every time she uncovers additional evidence.  Neither CBS nor General Electric should be forced to defend yet another action.   Now, therefore,

IT IS ORDERED that plaintiff's motion for leave to file a surreply is granted.

IT IS FURTHER ORDERED that defendant CBS Corporation's motion for judgment on the pleadings is granted. (Doc. 87)

IT IS FURTHER ORDERED that defendant General Electric's motion for judgment on the pleadings is granted. (Doc. 101).

IT IS FURTHER ORDERED that CBS Corporation and General Electric are dismissed.

Dated at Milwaukee, Wisconsin, this 3rd day of February, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE